IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN SOTO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:23-cv-1335 |
| | § | |
| RK CONSTRUCTION, LLC, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Juan Soto ("Plaintiff") files this Complaint against RK Construction, LLC ("Defendant") showing in support as follows:

## I. NATURE OF THE CASE

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff all overtime wages owed.

2. Plaintiff was employed by Defendant from approximately November 19, 2022 to approximately May 12, 2023 as an hourly paid construction foreman.

3. Relative to Plaintiff's final seven-day workweek while employed by Defendant, he worked approximately 56 hours. Plaintiff's hourly rate of pay during that final workweek was $20.00.

4. The regularly scheduled pay date for Plaintiff's work in his final workweek of employment with Defendant was May 26, 2023. On May 26, 2023, Defendant paid Plaintiff his base hourly rate for 40 hours worked relative to his final workweek with Defendant but did not pay Plaintiff time and one-half his hourly rate of pay for the approximate 16 overtime hours he

worked in that final workweek. As of the filing of this lawsuit, those overtime wages remain unpaid by Defendant.

5. Plaintiff seeks all damages available under the FLSA, including unpaid overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II. THE PARTIES, JURISDICTION, AND VENUE

### A. Plaintiff Juan Soto

6. Plaintiff is a natural person who resides in Dallas County, Texas. He has standing to file this lawsuit.

7. Plaintiff was employed by Defendant in and around Dallas County, Texas.

### B. Defendant RK Construction, LLC

8. Defendant is a domestic for-profit limited liability company.

9. Defendant is registered with the Texas Secretary of State to transact business in Texas.

10. Defendant's principal place of business is at 228 East Bethel Road, Coppell, Dallas County, Texas 75019.

11. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

12. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

13. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person. For example, Defendant employed two or more employees who regularly handled, sold, and/or otherwise

worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include vehicles, excavation equipment, excavation tools, fuel, computers, and phones.

14. On information and belief, Defendant has and/or will have annual gross sales or business volume in excess of $500,000 during 2023.

15. Defendant may be served with summons through its registered agent, Mr. Brian Reed Kainer, 228 East Bethel Road, Coppell, Texas 75019.

**C. Jurisdiction and Venue**

16. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

17. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

18. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

19. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

20. Venue is proper in this Court because Defendant's principal place of business is located in Dallas County, Texas.

## III. FACTUAL BACKGROUND

21. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

22. Defendant provides excavation and underground utility services.

23. Plaintiff was employed by Defendant in and around Dallas County, Texas as a foreman from approximately November 19, 2022 to approximately May 12, 2023.

24. Plaintiff was paid on an hourly basis by Defendant. Plaintiff's hourly rate of pay was $20.00 per hour.

25. Relative to Plaintiff's final seven-day workweek while employed by Defendant, he worked approximately 56 hours. Plaintiff's hourly rate of pay during that final workweek was $20.00.

26. The regularly scheduled pay date for Plaintiff's work relative to his final workweek of employment with Defendant was May 26, 2023. On May 26, 2023, Defendant paid Plaintiff his base hourly rate for 40 hours worked relative to his final workweek. However, Defendant did not pay Plaintiff time and one-half his hourly rate of pay for the approximate 16 overtime hours he worked in that final workweek. As of the filing of this lawsuit, Defendant has not paid Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during his final workweek employed with Defendant.

27. Plaintiff seeks all damages available under the FLSA, including unpaid overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

## IV. CONTROLLING LEGAL RULES

28. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

29. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

30. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

31. "A cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *McIntyre v. Collin Bryan Constr. LLC*, 3:22-CV-1267-K, 2023 WL 3259754, at *5 (N.D. Tex. Apr. 19, 2023), *report and recommendation adopted*, 3:22-CV-1267-K, 2023 WL 3259493 (N.D. Tex. May 4, 2023) (citing *Halferty v. Pulse Drug Co., Inc.*, 821 F.2d 261 (5th Cir. 1987), *opinion modified on reh'g*, 826 F.2d 2 (5th Cir. 1987)).

32. The FLSA requires wage payments to employees to be "free and clear." *See* 29 C.F.R. § 531.35. "An employer may not withhold or divert any part of an employee's wages unless the employer: (1) is ordered to do so by a court of competent jurisdiction; (2) is authorized to do so by state or federal law; or (3) has written authorization from the employee to deduct part of the wages for a lawful purpose." Tex. Lab. Code § 61.018.

33. "Any employer who violates the provisions of [29 U.S.C. § 207] … shall be liable to the employee or employees affected in the amount of … their unpaid overtime compensation… and in an additional equal amount as liquidated damages. … The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

## V. <u>FLSA CLAIMS</u>

34. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

35. Defendant is an eligible and covered employer under the FLSA relative to Plaintiff's claims in this lawsuit. 29 U.S.C. § 203(d).

36. At times relevant, Defendant is and/or has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

37. Plaintiff was a covered employee under 29 U.S.C. § 207(a)(1) relative to his employment with Defendant.

38. Plaintiff worked in excess of 40 hours during his final seven-day workweek as an employee of Defendant. However, Defendant did not pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 in that workweek by the regularly scheduled pay date for same. As of the filing of this lawsuit, Defendant has not paid Plaintiff time and one-half his regular rate of pay for all hours he worked over 40 in his final workweek of employment with Defendant.

39. Defendant's failure to timely pay Plaintiff time and one-half his regular rate of pay for each and every hour worked over 40 in all applicable seven-day workweeks during his employment with Defendant is a violation of the FLSA.

## VI. DAMAGES AND PRAYER

40. Plaintiff asks that he be awarded a judgment against Defendant and/or order(s) from the Court for the following:

a. All damages allowed by the FLSA, including unpaid overtime wages,

b. Liquidated damages in an amount equal to unpaid overtime wages,

c. Reasonable legal fees,

d. Costs,

e. Post-judgment interest, and/or

f. All other relief to which Plaintiff is justly entitled.

Date: June 14, 2023.

Respectfully submitted,

By: s/ Allen R. Vaught
Allen R. Vaught
Attorney-In-Charge
TX Bar No. 24004966

Vaught Firm, LLC
1910 Pacific Ave., Suite 9150
Dallas, Texas 75201
(972) 707-7816 – Telephone
(972) 591-4564 – Facsimile
avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFF