IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN SOTO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:23-cv-1335-X |
| | § | |
| RK CONSTRUCTION, LLC, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT RK CONSTRUCTION, LLC WITH BRIEF IN SUPPORT**

Plaintiff Juan Soto ("Plaintiff") files this Motion for Default Judgment Against Defendant RK Construction, LLC ("Defendant") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure with Brief in Support (the "Motion").

Pursuant to Local Rule 7.1(i), Plaintiff has attached, through a separate filing, an appendix containing materials cited in support of this Motion. Plaintiff incorporates all documents in that appendix by reference as if set forth fully herein.

# TABLE OF CONTENTS

**Page**


Cover Page.....i

Table of Contents.....ii-iii

Table of Authorities .....iv-vii

I. Summary .....1

II. Procedural History.....1

III. Default Judgment Standard .....3

IV. Arguments and Authorities .....4

A. An Entry of Default Judgment Against Defendant is Procedurally Warranted.....4

1. No Material Issues of Fact Exist.....4

2. There Will Be Substantial Prejudice to Plaintiff if Default Judgment Is Not Entered.....5

3. The Grounds for Default Against Defendant are Clearly Established.....5

4. Defendant's Default Does Not Appear to Be the Result of a Good Faith Mistake or Excusable Neglect.....5

5. Default Judgment Is Not a Harsh Remedy Given Defendant's Inaction.....6

6. The Court Would Not Be Obliged to Set Aside a Default Judgment Against Defendant.....6

B. Plaintiff's Claims Have Substantive Merit and there is a Sufficient Basis in the Pleadings for the Default Judgment.....7

1. Pleadings Standard.....7

2. Well Pleaded Facts in Plaintiff's Original Complaint that Are Deemed Admitted by Defendant's Default.....8

3. Laws Cited in Plaintiff's Original Complaint Relative

to Factual Statements which Show Violations of the FLSA……………………….8

C. Relief Which Plaintiff Should Receive……………………………………………….8

1. The Court Should Enter Judgment that an Employer-Employee Relationship Existed between Plaintiff and Defendant During the Relevant Time Period………………………..................................8

2. The Court Should Enter Judgment that Plaintiff Engaged in Activities within the Coverage of the FLSA…………………………10

3. The Court Should Enter Judgment that Defendant Violated the FLSA's Overtime Wage Requirements……………….................................11

4. The Damages Owed by Defendant………………………………………………12

a. FLSA Exemption……………………………………………………...12

b. Plaintiff Should Be Awarded Judgment against Defendant for Unpaid Overtime Wages in the Amount of $480.00………………….13

c. Plaintiff Should Be Awarded Judgment against Defendant for Liquidated Damages in the Amount of $480.00………………………14

d. Plaintiff's Counsel Should be Awarded Judgment Against Defendant for Reasonable Legal Fees in the amount of $7,880.00…………………………………………………...15

e. Plaintiff's Counsel Should be Awarded Judgment Against Defendant for Costs in the amount of $420.00……………………………18

f. Plaintiff and Plaintiff's Counsel Should Be Awarded Post-Judgment Interest……………………………………………...18

V. Conclusion………………….…………………………………………………………19

## TABLE OF AUTHORITIES

**Cases** **Page**

*Anderson v. Hearts With Hope Found.*, No. 17-20021,
2017 WL 5495706 (5th Cir. Nov. 15, 2017)..........10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..........7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)..........7

*Black v. SettlePou, P.C.*, 732 F.3d 492 (5th Cir. 2013)..........14, 15, 16, 17

*Blanchard v. Bergeron*, 489 U.S. 87,
109 S.Ct 939, 103 L.Ed. 2d 67 (1989)..........16

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 65S.Ct. 895, 89 L.Ed. 1296 (1945)..........15

*Firth v. Don McGill of W. Houston, Ltd.*, CIV.A. H-04-0659,
2006 WL 846377 (S.D. Tex. Mar. 28, 2006)..........15

*Firth v. McGill*, 233 Fed. Appx. 346 (5th Cir. 2007)..........15

*Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 (5th Cir. 2010)..........18

*Ganther v. Ingle*, 75 F.3d 207 (5th Cir. 1996)..........3

*HSBC Bank USA, N.A. v. Crum*, No. 3:14-CV-3522-B,
2017 WL 2362017 (N.D. Tex. May 31, 2017)..........17

*Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165,
110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)..........15

*Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390,
2011 WL 4738197 (S.D. Tex. Oct. 5, 2011)..........4

*James v. Frame*, 6 F.3d 307 (5th Cir. 1993)..........4, 12

*Jenkens & Gilchrist v. Groia & Co.,* 542 F.3d 114 (5th Cir.2008)..........6, 7

*Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974).......... 16, 17

*Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627 (5th Cir. 2014)..........8

*Lacy v. Sitel Corp.,* 227 F.3d 290 (5th Cir. 2000)..........6

*Lindsey v. Prive Corp.*, 161 F.3d 886 (5th Cir. 1998)…………………………………..3, 4, 5, 7, 8

*McIntyre v. Collin Bryan Constr. LLC*, 3:22-CV-1267-K,
2023 WL 3259754 (N.D. Tex. Apr. 19, 2023)…………………………………...……17

*McIntyre v. Collin Bryan Constr. LLC*, 3:22-CV-1267-K,
2023 WL 3259493……………………………………………………………..………17

*Mendoza v. Detail Sols., LLC*, 911 F. Supp. 2d 433 (N.D. Tex. 2012)…………………………11

*Mireles v. Frio Foods, Inc.*, 899 F.2d 1407 (5th Cir. 1990)……………………………………15

*Nero v. Indus. Molding Corp.*, 167 F.3d 921 (5th Cir. 1999)…………………………………..15

*Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*,
515 F.2d 1200 (5th Cir. 1975)………………………………………………………...4, 7

*Olibas v. Barclay*, 838 F.3d 442 (5th Cir. 2016)………………………………………........12

*Olibas v. Native Oilfield Services, LLC,* 104 F. Supp. 3d 791, 813 (N.D. Tex. 2015)……………18

*Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369 (5th Cir. 2019)………………………8

*Portillo v. Kincaid Inc.*, 826 Fed. Appx. 384 (5th Cir. 2020)…………………………………..15

*Ramsey v. Delray Capital LLC*, 3:14-CV-3910-B,
2016 WL 1701966 (N.D. Tex. Apr. 28, 2016)……………………………………3, 5, 7

*Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795 (5th Cir. 2006)………………………16

*Scott v. Carpanzano*, 556 Fed. Appx. 288 (5th Cir. 2014)………………………………………6

*Singer v. City of Waco, Tex.*, 324 F.3d 813 (5th Cir. 2003)……………………………………14

*Stewart v. Lone Star Exteriors, LLC*, 447 F. Supp. 3d 548 (E.D. Tex. 2019)……………………..8

*Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*,
874 F.2d 274 (5th Cir. 1989)………………………………………………………………….3

*Tovar v. S.W. Bell Tel., L.P.*, 3:20-CV-1455-B,
2022 WL 2306926 (N.D. Tex. June 27, 2022)…………………………………………16

*Tyler v. Union Oil Co. of California*, 304 F.3d 379 (5th Cir. 2002)………………………………16

*United Artists Corp. v. Freeman*, 605 F.2d 854 (5th Cir. 1979)……………………………4, 12

*United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*,
548 F. Supp. 2d 381 (W.D. Tex. 2008)……3

*Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419,
65 S. Ct. 1242, 89 L. Ed. 1705 (1945)……14

*Wooten v. McDonald Transit Assocs., Inc.*,
788 F.3d 490 (5th Cir. 2015)……7

**Statutes**

28 U.S.C. § 1961……18

28 U.S.C. § 1920……18

29 U.S.C. § 203(d)……9

29 U.S.C. § 203(r)(1)……10

29 U.S.C. § 203(s)(1)(A)……11

29 U.S.C. § 207(a)(1)……9, 10, 11

29 U.S.C. § 207(e)……14

29 U.S.C. § 216(b)……8, 10, 14, 15, 16, 18

29 U.S.C. § 260……15

**Regulations**

29 C.F.R. § 541.3(a)……13

29 C.F.R. § 541.100……13

29 C.F.R. § 541.100(a)(1)……13

29 C.F.R. § 541.200……13

29 C.F.R. § 541.200(a)(1)……13

29 C.F.R. § 541.300……13

29 C.F.R. § 541.300(a)(1)……13

**Rules**

Fed. R. Civ. P. 12(a)(1)(A)(i)……………………………………………………………...2

Fed. R. Civ. P. 55(b)…………………………………………………………………….2, 3

Fed. R. Civ. P. 55(b)…………………………………………………………………….1, 3

Fed. R. Civ. P. 55(c)……………………………………………………………………….6

Fed. R. Civ. P. 60(b)(1)……………………………………………………………………6

## I. SUMMARY

Plaintiff requests that the Court enter a default against Defendant pursuant to Federal Rule of Civil Procedure 55(b)(2).

Plaintiff filed this unpaid overtime wage case pursuant to the federal Fair Labor Standards Act ("FLSA") on June 14, 2023. Plaintiff worked as an hourly paid foreman in Defendant's excavation and underground utility services business operations. Defendant paid Plaintiff $20.00 per hour. Relative to his final workweek of employment with Defendant, Plaintiff worked 56 total hours, but was only paid for 40 of those hours. As a result, Defendant failed to pay Plaintiff overtime wages of $480.00 (($20.00 * 1.5) * 16 overtime hours) in violation of the FLSA.

Defendant was duly served with summons and a copy of the original complaint in this lawsuit on June 20, 2023. The deadline for Defendant to file a responsive pleading or motion in this lawsuit was July 11, 2023. As of the date this document was filed, Defendant has not filed any responsive pleading or motion in this lawsuit and is in default.

The Clerk entered a Rule 55(b) default against Defendant on August 1, 2023.

Plaintiff respectfully requests that the Court grant this Motion and enter a default judgment against Defendant for the total amount of $9,242.00, which is itemized as follows: (1) Unpaid FLSA overtime wages to Plaintiff in the amount of $480.00, (2) Liquidated damages to Plaintiff in the amount of $480.00, (3) Reasonable legal fees to Plaintiff's counsel in the amount of $7,880.00, (4) costs to Plaintiff's counsel in the amount of $402.00, and (5) Post-judgment interest on the amounts owed Plaintiff and Plaintiff's counsel.

## II. PROCEDURAL HISTORY

Plaintiff filed this Fair Labor Standards Act ("FLSA") lawsuit against Defendant on June 14, 2023. (ECF 1).

At all times relevant, the registered agent for Defendant is and has been Mr. Brian Reed Kainer (the "Registered Agent" or "Mr. Kainer"). (App. pp. 2-3, ¶¶ 2 & 5). Mr. Kainer is also the managing member and director of Defendant according to information from the Texas Secretary of State ("TX SOS"). (App. p. 3, ¶ 4).

At all times relevant, the address listed with the TX SOS for the Registered Agent is and has been 228 East Bethel Road, Coppell, Texas 75019. (the "Registered Agent Address"). (App. pp. 2-3, ¶ 2).

As of the filing of this Motion, Defendant's Registered Agent and Registered Agent Address have not changed according to data on file with the TX SOS. (*Id.*).

Plaintiff, through a duly authorized third-party process server named Stephen M. Troutz (the "Process Server") personally served Defendant's Registered Agent at its Registered Agent Address on June 20, 2023. (App. p. 4, ¶ 6; ECF 8 & 13). The Process Server is a Texas Certified Process Server with PSC # 2444. (*Id.*). The Process Server was over the age of 18 when he served Defendant's registered agent, and he is not a party to this lawsuit. (App. p. 4, ¶ 6; ECF 13).

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), the deadline for Defendant to file a responsive pleading or motion in this lawsuit was no later than July 11, 2023.

The Clerk entered a Rule 55(a) default against Defendant on August 1, 2023. (ECF 11). On August 3, 2023, the Court entered an Order requiring Plaintiff to move for default judgment no later than August 17, 2023. (ECF 12).

As of the filing of this Motion, Defendant has not filed any responsive pleading or motion in this lawsuit. (App. p. 5, ¶ 7).

## III. <u>DEFAULT JUDGMENT STANDARD</u>

After a Rule 55(a) clerk's entry of default, a party must apply to the Court for a default judgment unless the claim against the defaulting party is for a sum certain. *See* Fed. R. Civ. P. 55(b). "Once [a Rule 55(a)] default has been entered, the court may enter a default judgment against the defaulting defendant upon motion of the plaintiff." *Ramsey v. Delray Capital LLC*, 3:14-CV-3910-B, 2016 WL 1701966, at *2 (N.D. Tex. Apr. 28, 2016) (Boyle, J.) (citing Fed. R. Civ. P. 55(b)). "[D]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). "A party is not entitled to a default judgment merely because the defendant is technically in default." *Id.* (citing *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "Rather, a default judgment is generally committed to the discretion of the district court." *Id.* (citing *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008)).

"In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis." *Id.* (citing *1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384).

"First, courts consider whether the entry of default judgment is procedurally warranted." *Id.* (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). "The factors relevant to this inquiry include: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.* (citing *Lindsey*, 161 F.3d at 893).

"Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment." *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "In doing so, the Court is to assume that due to its default, defendant admits all well-pleaded facts in the plaintiff's complaint." *Id.* (citing *Nishimatsu Constr.*, 515 F.2d at 1206).

"Third, courts determine what form of relief, if any, the plaintiff should receive." *Id.* (citing *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011)). "Normally damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). "However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary." *Id.* (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

## IV. ARGUMENTS AND AUTHORITIES

### A. An Entry of Default Judgment Against Defendant is Procedurally Warranted

This Court has subject matter jurisdiction over this lawsuit pursuant to 29 U.S.C. § 1331 because Plaintiff's FLSA claims present a federal question. (ECF 1, ¶ 19). The Court has personal jurisdiction over Defendant because Defendant's principal place of business is in Dallas County, Texas and the work performed by Plaintiff made the subject matter of this lawsuit occurred in and around Dallas County, Texas. (ECF 1, ¶¶ 10 & 23). Venue is proper before this Court for those same reasons. (*Id.*). Plaintiff addresses the *Lindsey* factors as follows.

#### 1. No Material Issues of Fact Exist

First, as Defendant is in default, there are no material facts in dispute. *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded

allegations of fact"); *Ramsey*, 2016 WL 1701966, at *2 (same). Plaintiff's seven-page long complaint contains detailed statements of fact which meet or exceed the pleading requirements of Federal Rule of Civil Procedure 8(a). (*See* ECF 1).

**2. There Will Be Substantial Prejudice to Plaintiff if Default Judgment Is Not Entered**

Second, Defendant's disregard of this lawsuit presents substantial prejudice to Plaintiff. Defendant's failure to respond to Plaintiff's original complaint threatens to bring the adversary process to a halt which prejudices Plaintiff's rights to recover the FLSA wages and related damages he is owed. *Lindsey*, 161 F.3d at 893; *Ramsey*, 2016 WL 1701966, at *2.

Furthermore, the Court entered an Order requiring Plaintiff to move for default judgment pursuant to Local Rule 55.1 no later than August 17, 2023. (ECF 12). Plaintiff's lawsuit could have been dismissed if he had not filed this Motion seeking entry of default judgment. *Id.* Such a dismissal would have resulted in substantial prejudice to Plaintiff.

**3. The Grounds for Default Against Defendant Are Clearly Established**

Plaintiff incorporates the facts identified in Section II above which show that the grounds for default judgment against Defendant are clearly established.

**4. Defendant's Default Does Not Appear to Be the Result of a Good Faith Mistake or Excusable Neglect**

Fourth, there is no evidence before the Court to show that Defendant's default is a result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893; *Ramsey*, 2016 WL 1701966, at *2. To the contrary, as identified in Section II above, the evidence shows that Defendant was duly served with summons and the original complaint in this lawsuit but ignored same. Furthermore, to the extent necessary, Plaintiff's counsel confirmed that Defendant's registered agent, Mr. Kainer, is not on active-duty status with the Uniformed Services of the United

States of America. (App. p. 5, ¶ 8). Mr. Kainer was obviously not on active-duty military status when he was personally provided Defendant's summons and a copy of the original complaint in this lawsuit by Plaintiff's process server on June 20, 2023. (ECF 8 & 13).

### 5. Default Judgment Is Not a Harsh Remedy Given Defendant's Inaction

Fifth, Defendant has failed to respond to Plaintiff's original complaint despite clearly having knowledge of the existence of this lawsuit as described above. Again, Defendant's registered agent is also its sole managing member and director. (App. p. 3, ¶ 4). Furthermore, Plaintiff contacted Defendant regarding payment of his unpaid overtime wages before filing this lawsuit, but was ignored. (App. p. 49, ¶ 7; p. 53). Defendant's blatant inaction mitigates the harshness of a default judgment.

### 6. The Court Would Not Be Obliged to Set Aside a Default Judgment Against Defendant

Finally, there are no apparent facts that would give rise to "good cause" to set aside a default judgment if it were challenged by Defendant. "Rule 55(c) provides that a court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." *Scott v. Carpanzano*, 556 Fed. Appx. 288, 293–94 (5th Cir. 2014) (citing Fed. R. Civ. P. 55(c)). "Rule 60(b)(1) provides that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." *Id.* (citing Fed. R. Civ. P. 60(b)(1)). Where, a party seeks to set aside a default judgment pursuant to Rule 60(b)(1), "three primary factors are to be considered: whether the defendant willfully defaulted, whether a meritorious defense is presented, and whether setting aside the default judgment would prejudice the plaintiff." *Id.* (citing *Jenkens & Gilchrist v. Groia & Co.,* 542 F.3d 114, 119 (5th Cir.2008); *Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir.2000)). "Of these factors, two can be determinative: a district court may refuse to set aside a default judgment if it finds either that the default was willful

or that the defendant failed to present a meritorious defense." *Id.* (citing *Jenkens & Gilchrist,* 542 F.3d at 119–20).

As shown in detail *supra*, there is no good cause to overturn a default judgment against Defendant. Defendant was personally served through its registered agent, who is also the sole owner and managing member for Defendant. (App. pp. 2-5, ¶ 2-8). Defendant appears to have willfully defaulted in this case.

### B. Plaintiff's Claims Have Substantive Merit and there is a Sufficient Basis in the Pleadings for the Default Judgment

Relative to the second *Lindsey* factor, "the Court is to assume that due to its default, defendant admits all well-pleaded facts in the plaintiff's complaint." *Ramsey,* 2016 WL 1701966, at *2 (citing *Nishimatsu Constr.*, 515 F.2d at 1206).

#### 1. Pleadings Standard

"Rule 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted)). "The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotations omitted). "Detailed factual allegations are not required, but the pleading must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (brackets and quotations omitted)).

Plaintiff's original complaint lists detailed facts and legal citations which meet or exceed the required pleading standards and therefore show that Plaintiff's claims have substantive merit and that there is a sufficient basis in that complaint to support a default judgment. (ECF 1).

**2. Well Pleaded Facts in Plaintiff's Original Complaint that <u>Are Deemed Admitted by Defendant's Default</u>**

Plaintiff's seven-page long original complaint contains detailed facts which support elements needed to establish that Defendant is liable for Plaintiff's FLSA claims in this default judgment. (ECF 1, ¶¶ 2-4, 7-15, & 22-26). Those relevant facts are cited below.

**3. Laws Cited in Plaintiff's Original Complaint Relative to Factual Statements <u>which Show Violations of the FLSA</u>**

Plaintiff's original complaint cites the FLSA, and regulations and case law relative to the FLSA, in showing how Defendant is covered by the FLSA and how it violated same. (*See* ECF 1, ¶¶ 10-14 & 28-39).

**C. <u>Relief Which Plaintiff Should Receive</u>**

Pursuant to the third *Lindsey* factor, Plaintiff should be awarded judgment against Defendant for FLSA unpaid overtime wages, liquidated damages in an amount equal to unpaid overtime wages, reasonable legal fees, costs, and post-judgment interest. *See* 29 U.S.C. § 216(b).

A plaintiff in an FLSA action "must establish a prima facie case by proving four elements: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Stewart v. Lone Star Exteriors, LLC*, 447 F. Supp. 3d 548, 554 (E.D. Tex. 2019) (citing *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014)). A plaintiff "must prove each element by a preponderance of the evidence." *Id.* (citing *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019)).

**1. The Court Should Enter Judgment that an Employer-Employee Relationship <u>Existed Between Plaintiff and Defendant During the Relevant Time Period</u>**

"Employer includes any person acting directly or indirectly in the interest of an employer

in relation to an employee[.]" 29 U.S.C. § 203(d).

The following facts in Plaintiff's original complaint, which are deemed admitted by Defendant, show that an employer-employee relationship existing.

- Plaintiff was employed by Defendant in and around Dallas County, Texas as a foreman from approximately November 19, 2022 to approximately May 12, 2023.
- Plaintiff was paid on an hourly basis by Defendant. Plaintiff's hourly rate of pay was $20.00 per hour.
- Relative to Plaintiff's final seven-day workweek while employed by Defendant, he worked approximately 56 hours. Plaintiff's hourly rate of pay during that final workweek was $20.00.
- The regularly scheduled pay date for Plaintiff's work relative to his final workweek of employment with Defendant was May 26, 2023. On May 26, 2023, Defendant paid Plaintiff his base hourly rate for 40 hours worked relative to his final workweek. However, Defendant did not pay Plaintiff time and one-half his hourly rate of pay for the approximate 16 overtime hours he worked in that final workweek. As of the filing of this lawsuit, Defendant has not paid Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during his final workweek employed with Defendant.
- Defendant is an eligible and covered employer under the FLSA relative to Plaintiff's claims in this lawsuit. 29 U.S.C. § 203(d).
- Plaintiff was a covered employee under 29 U.S.C. § 207(a)(1) relative to his employment with Defendant.
- Plaintiff worked in excess of 40 hours during his final seven-day workweek as an employee of Defendant. However, Defendant did not pay Plaintiff time and one-half

> his regular rate of pay for all hours worked over 40 in that workweek by the regularly scheduled pay date for same. As of the filing of this lawsuit, Defendant has not paid Plaintiff time and one-half his regular rate of pay for all hours he worked over 40 in his final workweek of employment with Defendant.

(ECF 1, ¶¶ 23-26, 35, 37& 38).

Furthermore, Plaintiff's declaration provided with this Motion identifies he was employed by Defendant from November 19, 2022 to May 12, 2023. (App. p. 48, ¶ 2).

**2. The Court Should Enter Judgment that Plaintiff Engaged in Activities <u>within the Coverage of the FLSA</u>**

Plaintiff asserts FLSA overtime wage violations against Defendant pursuant to 29 U.S.C. § 207(a)(1) and 29 U.S.C. § 216(b). (ECF 1, ¶¶ 1-5 & 22-39). "To establish FLSA coverage, [a plaintiff] must show (1) he was personally engaged in commerce or the production of goods for commerce ("individual coverage") or (2) he was employed by an enterprise engaged in such activity ("enterprise coverage"). *Anderson v. Hearts With Hope Found.*, No. 17-20021, 2017 WL 5495706, at *2 (5th Cir. Nov. 15, 2017).

Plaintiff asserts enterprise coverage. (ECF 1, ¶¶ 11-14 & 36). Enterprise coverage applies when an enterprise[1] "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise

[1] "Enterprise means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements… ." 29 U.S.C. § 203(r)(1).

taxes at the retail level that are separately stated)." *Mendoza v. Detail Sols., LLC*, 911 F. Supp. 2d 433, 439 (N.D. Tex. 2012) (Fish, J.) (citing 29 U.S.C. § 203(s)(1)(A)).

Defendant admits all facts necessary to show that it was an enterprise engaged in commerce pursuant to the FLSA relative to Plaintiff's claims. (ECF 1, ¶¶ 11-14 & 36).

**3. The Court Should Respectfully Enter Judgment that Defendant Violated the FLSA's Overtime Wage Requirements**

The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

The following facts in Plaintiff's original complaint are deemed admitted by Defendant relative to FLSA overtime wage violations.

- Plaintiff was paid on an hourly basis by Defendant. Plaintiff's hourly rate of pay was $20.00 per hour.
- Relative to Plaintiff's final seven-day workweek while employed by Defendant, he worked approximately 56 hours. Plaintiff's hourly rate of pay during that final workweek was $20.00.
- The regularly scheduled pay date for Plaintiff's work relative to his final workweek of employment with Defendant was May 26, 2023. On May 26, 2023, Defendant paid Plaintiff his base hourly rate for 40 hours worked relative to his final workweek. However, Defendant did not pay Plaintiff time and one-half his hourly rate of pay for the approximate 16 overtime hours he worked in that final workweek. As of the filing of this

lawsuit, Defendant has not paid Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during his final workweek employed with Defendant.

- Defendant's failure to timely pay Plaintiff time and one-half his regular rate of pay for each and every hour worked over 40 in all applicable seven-day workweeks during his employment with Defendant is a violation of the FLSA.

(ECF 1, ¶¶ 24-26 & 39). Furthermore, Plaintiff's declaration provided with this Motion identifies that Defendant failed to pay him all overtime wages owed. (App. pp. 48-49, ¶¶ 4-7).

**4. <u>The Damages Owed by Defendant</u>**

"Normally damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). "However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary." *Id.* (citing *James*, 6 F.3d at 310). Here, damages are established pursuant to the pleadings and declarations from Plaintiff and Plaintiff's counsel.

**a. <u>FLSA Exemption</u>**

Although there are exemptions in the FLSA which can allow employers, in certain situations, to lawfully not pay employees overtime wages when they work overtime hours, the employer has the burden of proof relative to all such exemptions. *See, e.g., Olibas v. Barclay*, 838 F.3d 442, 448 (5th Cir. 2016) ("Although there are exemptions to the FLSA … the employer bears the burden to establish a claimed exemption.").

While Plaintiff does not have the burden to prove he is a non-exempt employee, the facts deemed admitted in his original complaint would prevent Defendant from establishing any

potentially foreseeable exemption that might be alleged, such as the white-collar exemptions (*i.e.*, executive exemption,[2] administrative exemption,[3] professional exemption,[4] etc.).

- Defendant provides excavation and underground utility services.
- Plaintiff was employed by Defendant in and around Dallas County, Texas as a foreman from approximately November 19, 2022 to approximately May 12, 2023.
- Plaintiff was paid on an hourly basis by Defendant. Plaintiff's hourly rate of pay was $20.00 per hour.

(ECF 1, ¶¶ 22-24). Plaintiff's declaration and supporting documents provided with this Motion further confirms his payment on an hourly basis. (App. p. 48, ¶ 2; p. 51).

The facts show that Plaintiff was an hourly paid foreman who performed work in connection with Defendant's excavation and underground utility services. Those facts prevent Defendant from meeting its burden of proof to establish, by affirmative defense, any of the potential aforementioned exemptions. Those exemptions do not apply to employees paid on an hourly basis. *See*, 29 C.F.R. § 541.100(a)(1), 29 C.F.R. § 541.200(a)(1), 29 C.F.R. § 541.300(a)(1). Furthermore, those "exemptions … do not apply to manual laborers or other 'blue collar' workers who perform work involving repetitive operations with their hands, physical skill and energy." 29 C.F.R. § 541.3(a).

**b. Plaintiff Should Be Awarded Judgment against Defendant for <u>Unpaid Overtime Wages in the Amount of $480.00</u>**

Determining the method of calculating overtime wages and the amount of unpaid overtime wages owed is a question of law. As stated by the Fifth Circuit: "once the fact finder has established

---

[2] 29 C.F.R. § 541.100, *et seq.*
[3] 29 C.F.R. § 541.200, *et seq.*
[4] 29 C.F.R. § 541.300, *et seq.*

that the employee is due unpaid overtime, the proper determination of the regular rate of pay and overtime premium to which an employee is entitled is a question of law. …" *Black v. SettlePou, P.C.*, 732 F.3d 492, 496 (5th Cir. 2013); *see also*, *Singer v. City of Waco, Tex.*, 324 F.3d 813, 823 (5th Cir. 2003) (the Court determines the regular rate)).

The FLSA regular rate of pay "shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee… ." 29 U.S.C. § 207(e). The "regular rate" is the hourly rate actually paid the employee for the normal, non-overtime workweek for which he/she is employed. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424, 65 S. Ct. 1242, 1245, 89 L. Ed. 1705 (1945). For employees paid on an hourly basis only, the regular rate is the same as the hourly rate. 29 C.F.R. § 778.110(a). Here, Plaintiff was paid on an hourly basis of $20 per hour. (ECF 1, ¶ 24; App. p. 48, ¶ 2; p. 51).

Facts deemed admitted in Plaintiff's original complaint, in addition to facts shown by Plaintiff's declaration in support of this Motion, identify that Plaintiff was not paid for 16 overtime hours during his final workweek of employment with Defendant, and that Defendant owes him $480.00 in unpaid overtime wages (($20 * 1.5) * 16 overtime hours = $480.00). (ECF 1, ¶¶ 2-4, 24-26, 38, & 39; App. pp. 48-49, ¶¶ 4-7).

**c. Plaintiff Should Be Awarded Judgment for Liquidated Damages <u>in the Amount of $480.00</u>**

Plaintiff requests liquidated damages in an amount equal to his unpaid overtime wages ($480.00). (ECF 1, ¶¶ 5 & 40(b)).

"Any employer who violates the [overtime wage provisions of the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Liquidated damages "constitute compensation for the retention of

a workman's pay" where the required wages are not paid on time. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707, 65S.Ct. 895, 902, 89L.Ed. 1296 (1945).

In order to avoid the imposition of liquidated damages, the burden of proof is on the employer to show "…that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260; *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990). "An employer faces a substantial burden of proving good faith and reasonableness." *Portillo v. Kincaid Inc.*, 826 Fed. Appx. 384, 385–86 (5th Cir. 2020) (quotations omitted). There is a strong presumption in favor of imposing full liquidated damages under the FLSA. *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999). *See also, Firth v. Don McGill of W. Houston, Ltd.*, CIV.A. H-04-0659, 2006 WL 846377, at *1 (S.D. Tex. Mar. 28, 2006), *aff'd sub nom. Firth v. McGill*, 233 Fed. Appx. 346 (5th Cir. 2007) ("A strong presumption exists in favor of liquidated damages, which effectively results in a doubling of any award of lost wages.").

Here, Defendant has not asserted any affirmative defense to avoid the imposition of full liquidated damages due to its default. Accordingly, the Court should respectfully enter judgment against Defendant for liquidated damages to Plaintiff in the amount of $480.00.

#### d. Plaintiff's Counsel Should Be Awarded Reasonable Legal Fees in the Amount of $7,880.00

The FLSA provides that "[t]he Court … shall, in addition to any judgment awarded to the plaintiff …, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 167, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989). An award of attorney's fees and costs to a prevailing plaintiff in a FLSA case is mandatory. 29 U.S.C. § 216(b) ("The court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant..."); *Black*,

732 F.3d at 502 ("Under the FLSA, an employer who violates the statute is also required to pay attorney's fees.") (citing 29 U.S.C. § 216(b)). When determining legal fees, "[t]he court has discretion in deciding what is reasonable." *Tyler v. Union Oil Co. of California*, 304 F.3d 379, 404 (5th Cir. 2002). *Id.* "[T]here is no per se proportionality rule for relationship between the amount of damages awarded and the amount secured in attorneys' fees." *Tovar v. S.W. Bell Tel., L.P.*, 3:20-CV-1455-B, 2022 WL 2306926, at *6 (N.D. Tex. June 27, 2022) (Boyle, J.) (citing *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 802 (5th Cir. 2006) (internal quotations omitted). "Due to the nature of the FLSA attorneys' fee provision, which provides an incentive for attorneys to take up meritorious claims that would ordinarily result in relatively small awards …, the difference in the results achieved and the attorneys' fees awarded is likely to be substantial and large differences between damages and fees should be expected." *Id.* (internal citation omitted).

In FLSA cases, courts "use the 'lodestar' method to calculate attorney's fees." *Black*, 732 F.3d at 502. "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *Id.* "There is a strong presumption of the reasonableness of the lodestar amount." *Id.* Thereafter, courts apply the "*Johnson* factors[5]" to determine whether counsel's performance requires an upward or downward adjustment. *Id*. The *Johnson* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee [for similar work in the community], (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

[5] *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974) *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed. 2d 67 (1989).

*Id.* "Many of the *Johnson* factors are presumably fully reflected in in the lodestar amount, however, so such modifications are proper only in certain rare and exceptional cases, supported by both specific evidence on the record and detailed findings." *HSBC Bank USA, N.A. v. Crum*, No. 3:14-CV-3522-B, 2017 WL 2362017, at *2 (N.D. Tex. May 31, 2017) (Boyle, J.) (citations and quotations omitted). "The lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar." *Black*, 732 F.3d at 502.

Plaintiff has been represented by attorney Allen Vaught ("Vaught" or "Plaintiff's counsel") of the Vaught Firm, LLC at all relevant times. (App. p. 2, ¶ 1). A detailed listing of contemporaneously kept data showing Vaught's legal services and corresponding hours provided through August 3, 2023 relative to this lawsuit are shown in his declaration. (App. pp. 13-14, ¶ 31). As shown therein, Vaught has incurred 19.7 hours representing Plaintiff in this Lawsuit. (*Id.*). However, as shown in those time records, Vaught has reduced the hours he seeks for his lodestar by 20% (*i.e.*, a 3.9 hour reduction) for billing judgment and to account for this being a default judgment. (*Id.*). Therefore, Vaught seeks lodestar based on 15.8 hours of legal services. (*Id.*).

Vaught requests that the Court approve a rate for him of $500.00 per hour. Vaught's most recent Court approved hourly rate in the United States District Court for the Northern District of Texas is $500.00. *See McIntyre v. Collin Bryan Constr. LLC*, 3:22-CV-1267-K, 2023 WL 3259754, at *9 (N.D. Tex. Apr. 19, 2023) (Horan, Mag.), *report and recommendation adopted*, 3:22-CV-1267-K, 2023 WL 3259493 (N.D. Tex. May 4, 2023) (Kinkeade, J.). $500.00 per hour is a reasonable and customary rate for Plaintiff's counsel in and around Dallas County, Texas. (App. p. 12, ¶ 30).

As shown in Plaintiff's counsel's declaration, none of the *Johnson* factors warrant an upward or downward change in Vaught's lodestar. (App. pp. 14-16, ¶ 34). Again, Vaught has

already reduced the hours submitted for his lodestar by 20% of the amount actually incurred to account for billing judgment and because this is a default judgment. (App. pp. 12-13, ¶ 31).

It is requested that the Court enter judgment that Defendant pay Vaught legal fees totaling $7,880.00.

**e. <u>Plaintiff's Counsel Should Be Awarded Costs in the Amount of $402.00</u>**

A prevailing plaintiff in an FLSA action is entitled to mandatory costs. 29 U.S.C. § 216(b). The types of costs that a successful FLSA plaintiff may recover "are articulated in 28 U.S.C. § 1920." *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). The costs set forth in that statute are fees of the clerk, fees of the court reporter, fees for printing and witnesses, fees for copies necessary for use in the case, docket fees, and compensation for court appointed experts. *See* 28 U.S.C. § 1920.

Here, Vaught has incurred $571.00 in out-of-pocket costs in this case as itemized in his declaration. (App. pp. 16-17, ¶ 35). Although all of those costs were necessary in order to diligently represent Plaintiff in this lawsuit (such as service of process fees), not all of those costs can be awarded by the Court pursuant to 28 U.S.C. § 1920. Therefore, Plaintiff asks that the Court award only the $402.00 filing fee as costs.

**f. Plaintiff and Plaintiff's Counsel Should Be Awarded <u>Post-Judgment Interest</u>**

"[P]ost-judgment interest [pursuant to 28 U.S.C. § 1961] is permitted for damages awarded under the FLSA." *Olibas v. Native Oilfield Services, LLC,* 104 F. Supp. 3d 791, 813 (N.D. Tex. 2015) (Boyle, J.). "Such interest shall be calculated from the date of entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

Plaintiff asks that the Court award post-judgment interest on the amounts owed Plaintiff and Plaintiff's counsel.

## V. <u>CONCLUSION</u>

Plaintiff respectfully requests that the Court grant this Motion and enter Judgment for damages against Defendant for: (1) Unpaid FLSA overtime wages to Plaintiff in the amount of $480.00, (2) Liquidated damages to Plaintiff in the amount of $480.00, (3) Reasonable legal fees to Plaintiff's counsel in the amount of $7,880.00, (4) costs to Plaintiff's counsel in the amount of $402.00, (5) Post-judgment interest on the amounts owed Plaintiff and Plaintiff's counsel, and (6) All other and further relief to which Plaintiff and/or Plaintiff's counsel is/are justly entitled relative to the subject matter of this Motion.

Date: August 4, 2023.

Respectfully submitted,

By: s/ Allen R. Vaught

Allen R. Vaught
Attorney-In-Charge
TX Bar No. 24004966
Vaught Firm, LLC
1910 Pacific Ave., Suite 9150
Dallas, Texas 75201
(972) 707-7816 – Telephone
(972) 591-4564 – Facsimile
avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFF