IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN SOTO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:23-cv-1335-X |
| | § | |
| RK CONSTRUCTION, LLC, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S APPENDIX IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR DEFAULT JUDGMENT**

Pursuant to Local Rule 7.1(i), Plaintiff files this Appendix in Support of his Motion for Default Judgment as to Defendant RK Construction, LLC ("Defendant"). Plaintiff's Motion cites the pleadings on file in this case in addition to the following evidence.

| Document | Pages |
|---|---|
| Exhibit 1 – Declaration of Allen R. Vaught | 1 - 17 |
| Exhibit 1A – Data from the Texas Secretary of State's website showing Defendant's registered agent and registered agent address. | 18 - 19 |
| Exhibit 1B – Defendant's 2022 Texas Franchise Tax Public Information Report | 20 - 21 |
| Exhibit 1C – Data from the Texas Secretary of State's website showing Defendant's filing history on that website. | 22 - 23 |
| Exhibit 1D – Data from the Texas Secretary of State's website showing Defendant's management. | 24 - 25 |
| Exhibit 1E –Defendant's certificate of formation. | 26 - 28 |
| Exhibit 1F – Servicemembers Civil Relief Act Centralized Verification Center Certificate. | 29 - 31 |
| Exhibit 1G – Declaration of Ms. Danielle Alexis Matthews. | 32 - 35 |

| | |
|---|---|
| Exhibit 1H – Declaration of Mr. Matthew R. Scott. | 36 - 46 |
| Exhibit 2 – Declaration of Plaintiff Juan Soto. | 47 - 53 |


Date: August 4, 2023.

Respectfully submitted,

By: s/ Allen R. Vaught

Allen R. Vaught
Attorney-In-Charge
TX Bar No. 24004966
Vaught Firm, LLC
1910 Pacific Ave., Suite 9150
Dallas, Texas 75201
(972) 707-7816 – Telephone
(972) 591-4564 – Facsimile
avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

## Declaration of Allen Vaught

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN SOTO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:23-cv-1335-X |
| | § | |
| RK CONSTRUCTION, LLC, | § | |
| | § | |
| Defendant. | § | |

**DECLARATION OF ALLEN R. VAUGHT**

My name is Allen R. Vaught. I am over the age of 18 and the statements in this declaration are true and correct of my own personal knowledge. I am competent to testify concerning the statements in this declaration. I hereby declare as follows:

1. "I am the attorney of record for Plaintiff in the above-captioned lawsuit. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

## I. PROCEDURAL BACKGROUND/DATA REGARDING DEFENDANT

2. From the date this lawsuit was filed to the date of this declaration (the "Relevant Time Period"), the registered agent for Defendant RK Construction, LLC ("Defendant"), as listed on the website[1] for the Texas Secretary of State ("TX SOS"), is and has been Mr. Brian Reed Kainer (the "Registered Agent" or "Mr. Kainer"). During the Relevant Time Period, the address for the Registered Agent, pursuant to data from the TX SOS, is and has been 228 East Bethel Road, Coppell, Texas 75019 (the "Registered Agent Address"). Attached as Exhibit 1A to this declaration is a true and correct copy of Defendant's Registered Agent name and address accessed

[1] *See* https://direct.sos.state.tx.us/home/home-corp.asp

and obtained by me from the TX SOS's website on August 4, 2023. The Registered Agent name and address listed with CBC with the TX SOS has been the same during the Relevant Time Period.

3. Defendant's Registered Agent Address is the same address as its principal place of business. Attached as Exhibit 1B to this document is a true and correct copy of Defendant's most recent Texas Franchise Tax Public Information Report as shown on the website for the TX SOS which I accessed and obtained on August 4, 2023. Defendant states in that document that its principal place of business is 228 East Bethel Road, Coppell, Texas 75019. The date listed by the TX SOS for the filing of that document by Defendant is December 31, 2022. Attached as Exhibit 1C to this document is a true and correct copy of Defendant's filing history as listed on the website for the TX SOS which I accessed and obtained on August 4, 2023 which confirms that filing date. That document shows all filings of Defendant on the TX SOS's website.

4. Mr. Kainer is also the sole managing member and director of Defendant according to information from TX SOS. Attached as Exhibit 1D to this document is a true and correct copy of the most recent data from the website of the TX SOS showing that Mr. Kainer is the managing member and director of the limited liability company established for Defendant. That document was accessed and obtained by me from the TX SOS's website on August 4, 2023. The data shown therein has been the same during the Relevant Time Period.

5. Attached as Exhibit 1E to this declaration is a true and correct copy of Defendant's November 7, 2018 certificate of formation on file with the TX SOS which I accessed and obtained on the TX SOS website on August 4, 2023. That certificate of formation identifies Mr. Kainer's full name as "Brian Reed Kainer." That certificate of formation also identifies that Mr. Kainer is the manager and registered agent for Defendant and lists an address for him that is identical to the current Registered Agent Address (228 East Bethel Road, Coppell, Texas 75019). As identified in

the aforementioned Exhibit 1C (Defendant's filing history as listed on the TX SOS website), no amended or supplemental document relative to Defendant's original certificate of formation has been filed with the TX SOS as of August 4, 2023. The three entries of "Public Information Report" in that filing history reference annual Texas Franchise Tax Public Information Reports filed by Defendant, the most recent of which was identified above and attached as Exhibit 1B hereto. Each of those Texas Franchise Tax Public Information Reports identifies the principal place of business for Defendant (228 East Bethel Road, Coppell, Texas 75019). Each of those Texas Franchise Tax Public Information Reports identifies the same Registered Agent (Mr. Kainer) and the same Registered Agent Address (228 East Bethel Road, Coppell, Texas 75019). None of those Texas Franchise Tax Public Information Reports show any manager or owner for Defendant other than Mr. Kainer.

6. I requested Malone Process Service, LLC to have one of its authorized representatives serve the summons issued as to Defendant (ECF 6) and a copy of the original complaint (ECF 1) in this lawsuit on Defendant's Registered Agent (Mr. Kainer) at the Registered Agent Address (228 East Bethel Road, Coppell, Texas 75019). As a result, Mr. Stephen M. Troutz (PSC 2444) (hereafter the "Process Server") personally served that summons and original complaint on the Registered Agent at the Registered Agent address on June 20, 2023. The Return of Service completed by the Process Server relative to same was filed with the Court on June 26, 2023. (*See* ECF 8). The Proof of Service was filed on August 3, 2023 which includes sworn statements showing that the Process Server was over the age of 18 at the time of service on Defendant and has not been a party to this lawsuit. (ECF 13).

7. As of the execution of this declaration, no responsive pleading or motion has been filed by Defendant in this lawsuit and no responsive pleading or motion has been received by me from or on behalf of Defendant.

8. On August 2, 2023, I accessed the website[2] for the Servicemembers Civil Relief Act Centralized Verification Service. That organization provides data relative to an individual's active duty status with the Uniformed Services of the United States of America. On August 2, 2023. I requested military status data for "Brian Reed Kainer," provided the address "228 East Bethel Road, Coppell, Texas 75019," and paid the $40.00 fee to the Servicemembers Civil Relief Act Centralized Verification Service. On August 2, 2023, the Servicemembers Civil Relief Act Centralized Verification Service confirmed that Mr. Kainer is not on active duty status with the Uniformed Services of the United States of America. Attached as Exhibit 1F is a true and correct copy of the document provided to me by the Servicemembers Civil Relief Act Centralized Verification Service on August 2, 2023 confirming same.

## II. MY BACKGROUND

9. I am the owner of the Vaught Firm, LLC and focus on employment law cases. My primary focus area is wage and hour litigation. I have been a licensed attorney for over 25 years in the state of Texas (Bar No. 24004966) and for over 18 years in the state of Mississippi (Bar No. 101695). I am a member in good standing with the State Bar of Texas and State Bar of Mississippi. I am also an attorney in good standing admitted to practice before the:

a. United States Courts of Appeal for the Fifth Circuit, Ninth Circuit, and Armed Forces;

b. United States District Courts for the following Districts: Eastern and Western Districts of Arkansas; District of Colorado; Southern District of Indiana; Southern District of Mississippi; Eastern District of Missouri; District of New

[2] *See* Servicemembers Civil Relief Act Centralized Verification Service

Mexico; Northern District of Ohio; Northern and Western Districts of Oklahoma; Northern, Eastern, Southern, and Western Districts of Texas; and Eastern and Western Districts of Wisconsin; and

c. United States Court of Federal Claims.

10. I graduated from Baylor University with a BBA in Accounting in August 1995. I graduated from the South Texas College of Law with a J.D. in December 1997. I was licensed to practice law in the State of Texas in May 1998. While in law school, I was a member of the 1997 First Place Team in the South Texas College of Law Mock Trial Competition and was a member of Phi Delta Phi.

11. My first job as a licensed attorney was primarily doing insurance defense work for the law firm of Buck, Keenan & Owens, P.C. in Houston, Texas. I was primarily responsible for legal research and drafting written discovery and motions.

12. I was employed by the law firm of Woodruff & Wren, LLP in Decatur, Texas from approximately 1999 to 2000 where I primarily practiced criminal defense and family law. I worked as lead counsel in those cases and conducted many bench trials.

13. I began work at Baron & Budd, P.C. in approximately 2000 where I was involved in complex, multi-party litigation representing plaintiffs for several years. I was primarily responsible for case management, motion practice, and pre-trial discovery.

14. In approximately 2002, I joined the Houston, Texas law firm of Franklin, Cardwell & Jones, P.C. where I opened and managed their Dallas office and was named a partner of the firm in 2004. My work there primarily involved complex, multi-party litigation on behalf of current and former employees in the oil and gas industry with emphasis on occupational injury related issues.

15. In March 2003, as a U.S. Army Reserve captain, I was mobilized for active duty as a civil-affairs and psychological operations command officer and deployed to Iraq where I remained until March 2004. While I was not engaged in the practice of law during that time, amongst my many duties in attempting to set up functioning local governments in the Iraqi cities of Fallujah and Sadr City. Due to injuries from an improvised explosive device ("IED") ambush near the end of my deployment, I was medically discharged. The category of my discharge was Honorable. My military decorations/awards include the Purple Heart, Valorous Unit Award, Army Commendation Medal, and Combat Action Badge.

16. In the time after redeployment from Iraq, I returned to the practice of law in approximately mid-2004 and resumed my duties with the law firm of Franklin, Cardwell & Jones as described above.

17. In 2006, I was elected to the Texas House of Representatives where I served until 2011. I served as the vice-chairperson of the Committee on Criminal Jurisprudence, vice-chairperson of the Committee on Defense and Veterans Affairs, chairperson of the sub-committee on violent crimes, and chairperson of the sub-committee on Border, Health, and School Centered Emergencies.

18. For my work on criminal justice issues in the Texas House of Representatives, I received the Law & Order Award from the Texas District and County Attorneys Association and a top legislator award from the Texas Police Chiefs' Association. I also received top legislator awards or legislator of the year awards from the Children's Hospital Association of Texas, the Texas Pediatric Society, the Children's Medical Center of Dallas, and the Texas Parent Teacher Association.

19. In 2009, I rejoined the law firm of Baron & Budd in an "of-counsel" position where I remained until approximately September 2019. I served as the managing attorney of the labor and employment law section at Baron & Budd, and a majority of my work after I re-joined Baron & Budd involved labor and employment law litigation, primarily wage and hour collective action and class action litigation.

20. In approximately September 2019, I started a solo practice named the Vaught Firm, LLC where I continue to primarily focus on wage and hour cases.

21. I served as a member of the board of trustees for the Dallas Police and Fire Pension System from approximately September 2019 to September 2021 as a Mayoral appointee. Thereafter, I served as the chairperson of the Dallas Veterans Affairs Commission ("DVAC") until approximately August 2022. DVAC was created by the City of Dallas in 2021 to help address issues facing Veterans in Dallas, including homelessness, healthcare, and jobs.

22. I was selected as a *Thomson Reuters* "Super Lawyer" in each year between 2012 to 2023, and as a "Rising Star" in 2011.

23. I was selected by the *Texas Lawyer* as "Litigator of the Week" in September 2012 for a jury verdict I obtained for clients in a Fair Labor Standards Act case.

24. I am a member of the National Employment Lawyers Association ("NELA").

25. I am a member to the Texas Employment Lawyers Association ("TELA").

26. I am a member of the Labor & Employment Law Sections of the Dallas Bar Association and the Texas Bar Association.

27. I have written or participated in the following publications and course instructions:

a. Allen R. Vaught, *The Salary Basis Test for Overtime and Minimum Wage Laws*, 6 Emory Corp. Governance & Accountability Rev. 45 (2019).

b. Allen R. Vaught, *Know Your Client's Rights in Wage and Hour Cases*, Trial, April 2015.

c. Allen R. Vaught, *Reservists' Rights*, Trial, November 2014.

d. Panelist: *Trends in Jury Selection Podcast*. *Texas Lawyer*, September 11, 2012.

e. Author and Presenter: *FLSA Overtime Wage Violations*, TTLA CLE, Aug 18, 2011.

f. Panelist: Bench-Bar Conference – *2008 Texas Legislative Update*, Texas Bar CLE, Sep. 25, 2008.

## III. <u>SAMPLES OF MY EMPLOYMENT LAW REPORTED CASES</u>

28. Some reported employment law cases in which I served as counsel for plaintiffs, collective action opt-in plaintiffs, and/or class members include:

a. *Meadows v. Latshaw Drilling Co., LLC*, Civil Action No. 3:15-CV-1173-N, 2020 U.S. Dist. LEXIS 9388, at *5 (N.D. Tex. Jan. 21, 2020) (Awarding $326,000 in legal fees relative to underlying FLSA collective action overtime wage judgment of $72,383.29 (Vaught served as lead counsel for plaintiffs and the collective action members)).

b. *Olibas v. Barclay*, 838 F.3d 442 (5th Cir. 2016) (Lead trial and appellate counsel for unpaid overtime wage class of 104 oilfield truck drivers where the Fifth Circuit upheld a jury verdict and judgment in the amount of $3,728,608 for the truck drivers. The jury and court found that the Motor Carrier Act Exemption defense did not apply and that the employer willfully violated the FLSA.) (Vaught served as lead counsel for plaintiffs and the collective action members) (*See also Olibas v. Native Oilfield Servs., LLC*, 104 F. Supp. 3d 791 (N.D. Tex. 2015) (Boyle, J.)).

c. *Ramirez v. Trail*, 333 F.R.D. 89 (E.D. Tex. 2019) (Granting FLSA conditional certification where class members were paid via three different methods (hourly, salary, and piece rate) and holding"[t]he denial of overtime wages itself is the alleged policy and plan in place" by Defendant; that there were three "different methods of accomplishing the denial of overtime wages" is insufficient to preclude conditional certification at this stage." (Vaught served as lead counsel for plaintiffs and collective action members)).

d. *Wooldridge v. Gateway Transp. of Ga., Inc.,* No. 4:19-CV-0053-HLM-WEJ, 2019 U.S. Dist. LEXIS 194145 (N.D. Ga. July 12, 2019) (Holding that FLSA as opposed to DOT standards applied in determining compensable hours worked and that interstate truck drivers have 24 compensable hours per day

while on duty with their trucks unless the employee and employer agree to exclude a maximum of 8 hours per workday for meal breaks and sleeper berth time. (Vaught served as lead counsel for plaintiffs)).

e. *Lovo v. Express Courier Int'l, Inc.*, No. 4:16-CV-853-Y, 2019 U.S. Dist. LEXIS 16824, at *4 (N.D. Tex. Jan. 30, 2019) (Granting plaintiffs' motion for summary judgment and finding they were employees as opposed to independent contractors under the FLSA. Plaintiffs were courier delivery drivers of defendant. (Vaught served as lead counsel for plaintiffs and collective action members)).

f. *Meadows v. Latshaw Drilling Co., LLC*, 338 F. Supp. 3d 587 (N.D. Tex. 2018) (Bench trial ruling in favor of approximately 150 drilling rig workers where the district court found that drilling completion time bonus pay and compensation for working with oil based drilling mud were improperly excluded from the employees' respective regular rates of pay by employer when calculating the FLSA overtime wages owed. (Vaught served as lead counsel for plaintiffs and collective action members)).

g. *Williams v. Go Frac, LLC*, No. 2:15-CV-00199-JRG, 2017 WL 3699350, at *1 (E.D. Tex. Apr. 26, 2017) (Order granting final approval for Rule 23 class action settlement of $5,782,848.33 in Worker Adjustment and Retraining Notification Act ("WARN") case where employer did not give sufficient advance written notice of mass layoffs for oilfield fracking workers. (Vaught served as lead counsel for plaintiffs and was appointed as class counsel by the court for the class action members)).

h. *Zaborowski v. MHN Gov't Servs., Inc.*, 601 F. App'x 461 (9th Cir. 2014) *cert. granted*, 136 S. Ct. 27 (2015) (FLSA and state law independent contractor misclassification overtime wage case for more than 700 workers upholding trial court's finding that arbitration clause was unconscionable and denying defendants' motion to compel arbitration. Resulted in ultimate FLSA collective action and Rule 23 state law claim class action claims made settlement in the gross amount of $15,000,000. (Vaught appointed as co-class counsel for Rule 23 class members and served as co-lead counsel for plaintiffs and the collective action members) (*See also Zaborowski v. MHN Gov't Servs., Inc.*, 936 F. Supp. 2d 1145 (N.D. Cal. 2013)).

i. *Jones v. SuperMedia Inc.*, 281 F.R.D. 282 (N.D. Tex. 2012) (Defeating motion to dismiss and granting class certification for group of call-center workers not paid for all hours worked resulting in an approximate $3,000,000 settlement) (Vaught served as co-lead counsel for plaintiffs and collective action members)).

j. *Dinkins v. YP Advert. LP*, No. 3:14-CV-1463-G, 2015 WL 1408922 (N.D. Tex. Mar. 27, 2015) (FLSA overtime wage case denying defendant's Rule 12(b)(6)

motion to dismiss based on Labor Management Relations Act for unionized call center workers. Resulted in a claims made settlement of $2,100,000 for FLSA unpaid overtime wage collective action claims and Rule 23 class action claims for money had and received under Texas law.) (Vaught served as lead counsel for plaintiffs and the collective action members and was appointed as lead class counsel for the class action members).

k. *Lillehagen v. Alorica, Inc.*, No. SACV 13-0092-DOC, 2014 WL 6989230 (C.D. Cal. Dec. 10, 2014) (Denying defendant's motion to decertify collective action class of approximately 8,000 plaintiffs and finding that breaks in time of less than 20 minutes during the workday were generally compensable. This case resulted in a collective and class action settlement of $9,250,000.) (Vaught appointed as co-class counsel for the Rule 23 class members and served as co-lead counsel for plaintiffs and the collective action members).

l. *Beckerley v. Alorica, Inc., No.* SACV 14-0836-DOC, 2014 WL 4670229 (C.D. Cal. Sept. 17, 2014) (FLSA and state law overtime case denying defendant's Rule 12(b)(6) motion to dismiss based on claim splitting).

m. *Morse v. Equity Lifestyle Properties Inc.*, No. 2:13-CV-00408-JMS, 2014 WL 1764927 (S.D. Ind. Apr. 30, 2014) (post *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013) FLSA case denying defendant's motion to dismiss based on alleged mootness of claims after tendering a Rule 68 offer of judgment to plaintiff prior to conditional certification being granted).

n. *Lee v. Ctr. for Psychological Health Care, Inc.*, No. CIV.A. 12-27, 2013 WL 3864311 (M.D. La. July 24, 2013) (FLSA overtime case granting plaintiff's motion for summary judgment that plaintiff was (1) owed back overtime wages and damages, (2) that a United States Department of Labor Investigation and payment did not preclude plaintiff's claims, (3) that, with regards to calculating the regular rate, salary paid plaintiff was intended to cover only 64 hours per week as opposed to all hours worked, and (4) that owners of defendant company were jointly and severally liable with company for plaintiff's FLSA damages).

## IV. MY HOURLY RATE, LODESTAR, AND COSTS

29. My most recent hourly rate approved by the United States District Court for the Northern District of Texas is $500.00. *See McIntyre v. Collin Bryan Constr. LLC*, 3:22-CV-1267-K, 2023 WL 3259754, at *9 (N.D. Tex. Apr. 19, 2023) (Horan, Mag.), *report and recommendation adopted*, 3:22-CV-1267-K, 2023 WL 3259493 (N.D. Tex. May 4, 2023) (Kinkeade, J.).

30. $500.00 per hour is a reasonable and customary rate for my employment law legal services in and around Dallas County, Texas. For example, in the FLSA case styled *Areizaga v. ADW Corporation*, No. 3:14-cv-02899-B, in the United States District Court for the Northern District of Texas, attorney Danielle Alexis Matthews submitted a declaration in 2016 attesting that her reasonable hourly rate was $655.00 per hour was reasonable. (*See* Exhibit 1G hereto, which is a true and correct copy of the Declaration of Ms. Matthews in *Areizaga v. ADW Corp.*, No. 3:14-cv-2899 [Doc. 94-1, ¶ 4] (N.D. Tex.)). Ms. Matthews had been a licensed attorney in Texas for approximately 16 years when that declaration was filed. (*Id.* at ¶ 2). United States District Judge Jane Boyle entered an order finding that $655.00 hourly rate for Ms. Matthews to be reasonable. *See Areizaga v. ADW Corp.*, 3:14-CV-2899-B, 2016 WL 3406071, at *4 (N.D. Tex. June 21, 2016). Similarly, in the civil rights employment case styled *Ratra v. Dean Foods Company et al.*, No. 3:12-cv-01854-N, in the United States District Court for the Northern District of Texas, attorney Matthew R. Scott submitted a fee petition in December 2013 with a declaration stating his hourly rate of $650.00 was reasonable and customary. (*See* Exhibit 1H hereto, which is a true and correct copy of the Declaration of Mr. Scott in *Ratra v. Dean Foods Co.*, No. 3:12-cv-1854 [Doc. 85-1, ¶ 35] (N.D. Tex.)). Mr. Scott graduated from law school in 1995 according to that declaration and therefore had approximately 18 years of legal experience at that time. (*Id.* at ¶ 8). By comparison, I am a 1997 law school graduate and have over 25 years of experience. My experience in the area of employment law is further demonstrated in the published cases and articles cited *supra*.

31. Through August 3, 2023, I have incurred 19.7 hours of legal services work representing Plaintiff in connection with this lawsuit. That legal work was both reasonable and necessary in prosecuting the claims made the basis of this lawsuit. A detailed listing of

contemporaneously kept data showing my legal services provided through August 3, 2023 relative to this lawsuit is shown below. As shown in that data, I exercised proper billing judgment in rendering legal services for Plaintiff. Furthermore, as shown in that spreadsheet, I reduced my hours in this case by 20%. That reduction is made to account for billing judgment and because the subject motion requests a default judgment.

| **Vaught Lodestar** | | |
|---|---|---|
| **Juan Soto v RK Construction** | | |
| **Date** | **Time** | **Description** |
| 5/26/2023 | 0.5 | Conference Juan Soto. |
| 6/5/2023 | 0.2 | Conference Juan Soto. |
| 6/5/2023 | 0.2 | Research TX SOS, Registered Agent, principal place of business, management, and structure of RK Construction. |
| 6/13/2023 | 0.1 | Conference Juan Soto. |
| 6/14/2023 | 3.4 | Prep original complaint. |
| 6/14/2023 | 0.3 | Prep certificate of interested parties. |
| 6/14/2023 | 0.1 | Prep requested summons. |
| 6/14/2023 | 0.1 | Prep certificate regarding Judge-specific requirements. |
| 6/15/2023 | 0.2 | Conference Juan Soto. |
| 6/15/2023 | 0.1 | Receive and review Clerk issued summons and coordinate for service of summons on registered agent of Defendant. |
| 6/26/2023 | 0.1 | Receive and review summons returned executed. |
| 7/26/2023 | 2.8 | Prep motion for clerk entry of default. |
| 7/26/2023 | 0.4 | Prep appendix in support of motion for clerk entry of default. |
| 7/31/2023 | 0.9 | Revise and finalize motion for clerk entry of default, appendix in support of motion for clerk entry of default, and proposed clerk entry of default. |
| 8/1/2023 | 0.3 | Conference Juan Soto. |
| 8/1/2023 | 2 | Prep declaration of Juan Soto for motion for default judgment and review proposed exhibits thereto. |
| 8/1/2023 | 0.1 | Receive and review Clerk's Rule 55a entry of default. |
| 8/1/2023 | 1.8 | Prepare motion for default judgment. |
| 8/2/2023 | 4 | Prep motion for default judgment and prepare exhibits in support of same. |
| 8/2/2023 | 0.3 | Request SCRA data re registered agent. |

| | | |
|---|---|---|
| 8/2/2023 | 0.2 | Research TX SOS website for any changes in Defendant's registered agent, registered agent address, principal place of business, and ownership. |
| 8/3/2023 | 0.1 | Receive and review ECF 12. |
| 8/3/2023 | 1.5 | Prep motion for default judgment, prepare exhibits in support of same, and prepare proposed order granting motion for default judgment. |
| Total Hours | 19.7 | |
| % Reduction in Hours | 20% | |
| Adjusted Hours After Reduction | 15.8 | |
| Hourly Rate | $500.00 | |
| Lodestar | $7,880.00 | |

32. The hours identified in the preceding spreadsheet do not identify time I will incur after August 3, 2023 providing legal services on behalf of Plaintiff.

33. The amount of legal fees I seek as Plaintiff's counsel in this lawsuit through August 3, 2023 are $7,880.00.

34. The *Johnson* factors are addressed as follows:

a. Time and labor required. My time and labor are itemized in detail in the aforementioned spreadsheet.

b. Novelty and difficulty of the questions. This case has not involved novel or difficult questions to date.

c. Skill requisite to perform the legal services properly. Representation of Plaintiff required litigation experience in federal court and a comprehensive understanding of the FLSA.

d. Preclusion of other employment by the attorney due to acceptance of the case. My work on this case did not preclude me from accepting other clients.

e. Customary fee [for similar work in the community]. This is addressed above relative to my requested hourly rate.

f. Whether the fee is fixed or contingent. At all times relevant, I have represented Plaintiff on a contingent legal fee and contingent cost basis. As discussed in detail below, I have incurred costs that were necessary for me to diligently represent Plaintiff, but controlling law does not allow me to recover those costs in the requested default judgment.

g. Time limitations imposed by the client or the circumstances. I experienced no significant time limitations relative to my work on this case.

h. Amount involved and the results obtained. Plaintiff's underlying FLSA damages are relatively small, but default judgment as requested would result in Plaintiff being awarded 100% of the back overtime wages and liquidated damages he seeks. Also, as recently held by United States District Judge Jane Boyle, "[d]ue to the nature of the FLSA attorneys' fee provision, which provides an incentive for attorneys to take up meritorious claims that would ordinarily result in relatively small awards …, the difference in the results achieved and the attorneys' fees awarded is likely to be substantial and large differences between damages and fees should be expected." *Tovar v. S.W. Bell Tel., L.P.*, 3:20-CV-1455-B, 2022 WL 2306926, at *6 (N.D. Tex. June 27, 2022) (Boyle, J.) (citing *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 802 (5th Cir. 2006) (internal citation omitted)).

i. Experience, reputation, and ability of the attorney. This factor is addressed in Sections II & III above.

j. The "undesirability" of the case. Representation of Plaintiff in this case was not undesirable. However, risks associated with recovering money to satisfy a default judgment are undesirable.

k. Nature and length of the professional relationship with the client. I have not previously represented Plaintiff.

l. Awards in similar cases. *See, e.g., McIntyre*, 2023 WL 3259754, at *10 (FLSA default judgment awarding me $11,925.00 in attorney's fees and $402.00 in costs).

35. I seek $402.00 in costs relative to my work representing Plaintiff in this lawsuit. A detailed listing of contemporaneously kept data showing my out-of-pocket costs representing Plaintiff through August 3, 2023 relative to this lawsuit is shown below.

| **Vaught Costs** | | | |
|---|---|---|---|
| **Soto v. RK Construction** | | | |
| **Date** | **Amount** | **Vendor/Type** | **Description** |
| 6/5/2023 | $1.00 | TX SOS | Research re principal place of business, registered agent, structure, and management of employer. |
| 6/14/2023 | $402.00 | US Courts | Filing fee |
| 7/27/2023 | $1.00 | TX SOS | Research for any changes re principal place of business, registered agent, registered agent address, and ownership of Defendant in order to confirm current status of data to the Court. |
| 8/2/2023 | $40.00 | Servicemembers Civil Relief Act Centralized Verification Service | Request for military status of Brian Reed Kainer relative to motion for default judgment. |
| 8/2/2023 | $1.00 | TX SOS | Research for any changes re principal place of business, registered agent, registered agent address, and ownership of Defendant in order to confirm current status of data to the Court. |
| 8/3/2023 | $125.00 | Malone Process Service | Service of process on Defendant fee. |

| | | | |
|---|---|---|---|
| 8/4/2023 | $1.00 | TX SOS | Research to confirm data current for declaration in support of motion for default judgment. |
| Total Costs Incurred | $571.00 | | |
| Total Costs Requested | $402.00 | | |

As shown therein, only the recovery of filing fees are sought for costs.

I declare, under penalty of perjury, under the laws of the United States that the foregoing is true and correct. Executed this 4th day of August 2023 in Dallas, Texas."

Allen R. Vaught
ALLEN R. VAUGHT

# EXHIBIT 1A

## TX SOS Website Data Regarding Defendant's Registered Agent and Registered Agent Address

**TEXAS SECRETARY of STATE**
**JANE NELSON**

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 803160298 | **Entity Type:** | Domestic Limited Liability Company (LLC) |
| **Original Date of Filing:** | November 7, 2018 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32068873432 | **FEIN:** | |
| **Duration:** | Perpetual | | |

**Name:** RK Construction, LLC
**Address:** 228 E BETHEL RD
COPPELL, TX 75019-4089 USA

REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES | INITIAL ADDRESS

| Name | Address | Inactive Date |
|---|---|---|
| Brian Reed Kainer | 228 E. Bethel Road<br>Coppell, TX 75019-75019 USA | |

Order | Return to Search

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

# EXHIBIT 1B

## Defendant's 2022 Texas Franchise Tax Public Information Report

Comptroller of Public Accounts FORM 05-102 (Rev.9-15/33)

# Texas Franchise Tax Public Information Report

*To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions*

■ **Tcode** 13196 Franchise

■ Taxpayer number: 3 2 0 6 8 8 7 3 4 3 2

■ Report year: 2 0 2 2

***You have certain rights*** *under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.*

| | |
|---|---|
| Taxpayer name: RK CONSTRUCTION, LLC | ■ ◯ Blacken circle if the mailing address has changed. |
| Mailing address: 228 EAST BETHEL ROAD | Secretary of State (SOS) file number or Comptroller file number |
| City: COPPELL; State: TX; ZIP code plus 4: 75019 | 0803160298 |

◯ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office: 228 EAST BETHEL ROAD, COPPELL, TX, 75019

Principal place of business: 228 EAST BETHEL ROAD, COPPELL, TX, 75019

1000000000015

*You must report officer, director, member, general partner and manager information as of the date you complete this report.*

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration (mm dd yy) |
|---|---|---|---|
| BRIAN KAINER | MANAGING MEMBER | ● YES | |
| Mailing address: 228 EAST BETHEL ROAD | City: COPPELL | State: TX | ZIP Code: 75019 |
| | | ◯ YES | |
| Mailing address: | City: | State: | ZIP Code: |
| | | ◯ YES | |
| Mailing address: | City: | State: | ZIP Code: |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |
| | | | |

**SECTION C** Enter information for each corporation , LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |

Registered agent and registered office currently on file *(see instructions if you need to make changes)*

*You must make a filing with the Secretary of State to change registered agent, registered office or general partner information.*

Agent: BRIAN KAINER

Office: 228 EAST BETHEL ROAD; City: COPPELL; State: TX; ZIP Code: 75019

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here | Title | Date | Area code and phone number |
|---|---|---|---|
| BRIAN KAINER | MANAGING MEMB | | ( 214 ) 577 - 7733 |

**Texas Comptroller Official Use Only**

VE/DE ◯ PIR IND ◯

# EXHIBIT 1C

## TX SOS Website Data Regarding Defendant's Filing History

# TEXAS SECRETARY of STATE
# JANE NELSON

## BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

**Filing Number:** 803160298
**Original Date of Filing:** November 7, 2018
**Formation Date:** N/A
**Tax ID:** 32068873432
**Duration:** Perpetual

**Entity Type:** Domestic Limited Liability Company (LLC)
**Entity Status:** In existence
**FEIN:**

**Name:** RK Construction, LLC
**Address:** 228 E BETHEL RD
COPPELL, TX 75019-4089 USA

REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES | INITIAL ADDRESS

| View Image | Document Number | Filing Type | Filing Date | Effective Date | Eff. Cond | Page Count |
|---|---|---|---|---|---|---|
| | 848205590002 | Certificate of Formation | November 7, 2018 | November 7, 2018 | No | 2 |
| | 1026297360001 | Public Information Report (PIR) | December 31, 2020 | February 6, 2021 | No | 1 |
| | 1111192360001 | Public Information Report (PIR) | December 31, 2021 | January 13, 2022 | No | 1 |
| | 1199068810001 | Public Information Report (PIR) | December 31, 2022 | November 20, 2022 | No | 1 |

Order | Return to Search

---

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

# EXHIBIT 1D

## TX SOS Website Data Regarding Defendant's Management

# TEXAS SECRETARY of STATE
## JANE NELSON

### BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 803160298 | **Entity Type:** | Domestic Limited Liability Company (LLC) |
| **Original Date of Filing:** | November 7, 2018 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32068873432 | **FEIN:** | |
| **Duration:** | Perpetual | | |

**Name:** RK Construction, LLC
**Address:** 228 E BETHEL RD
COPPELL, TX 75019-4089 USA

REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES | INITIAL ADDRESS

| Last Update | Name | Title | Address |
|---|---|---|---|
| November 20, 2022 | BRIAN KAINER | MANAGING MEMBER | 228 EAST BETHEL ROAD<br>COPPELL, TX 75019 USA |
| November 20, 2022 | BRIAN KAINER | DIRECTOR | 228 EAST BETHEL ROAD<br>COPPELL, TX 75019 USA |

Order | Return to Search

---

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

# <u>EXHIBIT 1E</u>

## Defendant's Certificate of Formation

Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
FAX: 512/463-5709

Filing Fee: $300

**Certificate of Formation**
**Limited Liability Company**

**Filed in the Office of the Secretary of State of Texas**
**Filing #: 803160298 11/07/2018**
**Document #: 848205590002**
**Image Generated Electronically for Web Filing**

**Article 1 - Entity Name and Type**

The filing entity being formed is a limited liability company. The name of the entity is:

**RK Construction, LLC**

**Article 2 – Registered Agent and Registered Office**

☐ A. The initial registered agent is an organization (cannot be company named above) by the name of:

**OR**

☑ B. The initial registered agent is an individual resident of the state whose name is set forth below:

**Name:**
**Brian Reed Kainer**

C. The business address of the registered agent and the registered office address is:

**Street Address:**
**228 E. Bethel Road Coppell TX 75019-75019**

**Consent of Registered Agent**

☐ A. A copy of the consent of registered agent is attached.

**OR**

☑ B. The consent of the registered agent is maintained by the entity.

**Article 3 - Governing Authority**

☑ A. The limited liability company is to be managed by managers.

**OR**

☐ B. The limited liability company will not have managers. Management of the company is reserved to the members.

The names and addresses of the governing persons are set forth below:

Manager 1: **Brian Reed Kainer** Title: **Manager**

Address: **228 E. Bethel Road Coppell TX, USA 75019-75019**

**Article 4 - Purpose**

The purpose for which the company is organized is for the transaction of any and all lawful business for which limited liability companies may be organized under the Texas Business Organizations Code.

**Supplemental Provisions / Information**

[The attached addendum, if any, is incorporated herein by reference.]

**Organizer**

The name and address of the organizer are set forth below.

**Brian R. Kainer** **228 E. Bethel Road, Coppell, TX 75019**

**Effectiveness of Filing**

☑ A. This document becomes effective when the document is filed by the secretary of state.

**OR**

☐ B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is:

**Execution**

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

**Brian Kainer**

Signature of Organizer

**FILING OFFICE COPY**

# EXHIBIT 1F

## Servicemembers Civil Relief Act Centralized Verification Center Certificate

**From:** SCRACVS - Retail Processing System
**To:** Allen Vaught
**Subject:** SCRA Verification Results - Servicemembers Civil Relief Act Centralized Verification Service
**Date:** Wednesday, August 2, 2023 12:21:12 PM

| Name | Customer # | Case # | Tracking Number |
|---|---|---|---|
| KAINER, BRIAN REED | Soto v RK Construction LLC | | 202308026858 |

Based upon the information you supplied to us and our further research, as of August 2, 2023 (“Active Duty Status Date”), we report that there is no information in the Department of Defense Manpower Data Center (“DMDC”) that indicates that the individual is in Active Duty Status. The data reported is reflected in the DMDC database as of August 2, 2023 (“Date of Match”).

Upon searching the data banks of the Department of Defense Manpower Data Center, based upon the information that you provided, the above is the status of the individual ("Subject") on the Active Duty Status Date, as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for active duty.

Affidavit: You opted not to purchase an affidavit. You may order one here. In the future, you can order an affidavit at the check-out screen or you can change the default settings for affidavits in "My Account" to include it in all future orders.

Servicemembers Civil Relief Act Centralized Verification Service

Roy L. Kaufmann
Managing Director
Servicemembers Civil Service Relief Act Verification Service Date: 08/02/2023
For support: Support@ServicemembersCivilReliefAct.com or Support@SCRA.com

This report is based upon information that you have provided. Providing an erroneous name, social security number, date of birth or other information may cause an erroneous report to be provided. If you obtain further information about the person you may resubmit your request and we will provide new status report for that query. This response reflects status as of Active Duty Status Date only. For historical information, please resubmit your inquiry with a different Active Duty Status Date or contact the individual Military Service SCRA points-of-contact:https://www.ServicemembersCivilReliefAct.com/live/link/points-of-contact.php . If you have evidence that the individual is/was on active duty as of the Active Duty Status Date and you fail to obtain this additional information, punitive provisions of the SCRA may be invoked against you. E.g. USC Section 3951(c).

The Servicemembers Civil Relief Act Centralized Verification Service processes SCRA verifications through the Defense Manpower Data Center (DMDC) which is an organization of the United States Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database, updated periodically (but not daily and not in real time), which is the official source of data on eligibility for military care and other eligibility systems.

This response reflects the following information: (1) the Active Duty status as of the Active Duty Status Date, (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date, and (3) Whether the individual or his/her unit received early notification to report for active duty on the Date of Interest. Records do not predate September 30, 1985.

**More information on Active Duty Status :**

Active duty status as reported in this report is defined in accordance with 10 USC Section 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC Section 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrators (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

**Coverage Coverage Under the SCRA is broader in Some Cases.**

Coverage under SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this report.

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this report are urged to seek qualified legal counsel to ensure that all rights guaranteed to Servicemembers under the SCRA are protected.

The information provided does not constitute a Consumer Report, as defined by the federal Fair Credit Reporting Act, 15 U.S.C. Section 1681 et seq. and may not be used to determine eligibility for credit, insurance, employment, or used for any other purpose governed by the FCRA.

© 2023 SCRA, Inc dba Servicemembers Civil Relief Act Centralized Verification Service.
All Rights Reserved.

# EXHIBIT 1G

## Declaration of Ms. Danielle Alexis Matthews

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EFRAIN AREIZAGA,<br><br>*Plaintiff*,<br><br>v.<br><br>ADW CORPORATION,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:14-cv-2899 |

**DECLARATION OF DANIELLE ALEXIS MATTHEWS**

1. I am an attorney at law admitted to practice before all courts, both state and federal, within the state of Texas and am an attorney with the law firm of Norton Rose Fulbright US LLP, 2200 Ross Avenue, Suite 3600, Dallas, Texas 75201 ("Fulbright"). I am over 21 years of age and have personal knowledge of the facts set forth below. If called as a witness, I could and would competently testify to all matters set forth herein.

2. I have been licensed to practice law in the State of Texas since November of 2000 and have been with Fulbright since September of the same year. I am Board certified by the Texas State Board of Legal Specialization in Labor and Employment Law. I am familiar with the work, tasks, and effort necessary for handling a litigation matter such as this one. I am familiar with the customary charges for attorney services in commercial litigation in the Dallas County area. I am also familiar with customary charges for new attorneys, legal assistants, briefing clerks, and expenses attendant to litigation proceedings such as the captioned case.

3. Since I began practicing law, I have been primarily engaged in litigation matters. I have experience and knowledge in the area of federal court discovery and the legal and factual issues relating to it because of the nature of my practice.

4. I have been responsible for handling this case since its inception. The following attorneys have also provided their services on this matter: John R. Herring, Jordan C. Campbell, and Barrett T. Robin. The attorneys on this matter billed at the following hourly rates:

- Danielle M. Matthews, Senior Counsel, $625 in 2015; $655 in 2016
- John R. Herring, Senior Associate, $510 in 2015; $555 in 2016
- Jordan C. Campbell, Associate, $345 in 2015; $430 in 2016
- Barrett T. Robin, Associate, $310 in 2015 and 2016.

5. The work incurred in connection with preparation and filing of the Motion to Compel, responding to both of Plaintiff's Motions for Protective Order; and addressing numerous other related, dilatory filings by Plaintiff consisted of 5.25 hours for Danielle A. Matthews at rates of $625 and $655 an hour ($3408.75), 17.50 hours by John R. Herring at $510 and $555 an hour ($9,678.75), 11.50 hours by Jordan C. Campbell at $345 and $430 an hour ($4,477.50), and 15.75 hours by Barrett T. Robin at $310 an hour ($4,882.50).

6. Fulbright worked on behalf of ADW Corporation ("ADW"), the defendant in the above styled litigation. Attached hereto are true and correct copies of the invoices issued by Fulbright in this matter, which contain itemized lists of activities undertaken by myself and others at Fulbright on behalf of ADW with respect to its defenses against Plaintiff Efrain Areizaga's ("Areizaga") claims against ADW. Portions of the descriptions of the services rendered have been redacted pursuant to the attorney-client privilege and the attorney work product doctrine. Certain tasks have been redacted entirely because they are not properly apportioned to Areizaga pursuant to the Court's Order on Fed. R. Civ. P. 26(C)(3) and 37(A)(5) Award of Expenses [ECF No. 92]. The invoices contain the hourly rates for the attorneys performing each activity, reflecting a total of $22,447.50 in attorney's fees incurred as of the date of this declaration, a reasonable fee for the services listed on the attachment, which were performed as a result of Areizaga's refusal to participate in discovery, his filing of two protective

orders as well as numerous other filings, and ADW's need to respond with its Motion to Compel and other responsive filings. Fulbright charged ADW its standard hourly rate for each of the attorneys who worked on the matter and used attorneys with a range of legal experience, employing the proper level of experience for the particular work performed. Fulbright attorneys billed a total of 50 hours representing ADW for this work, reflecting an average attorney rate of $445.28 per hour.

7. Each member of ADW's legal team performed the tasks commensurate with his or her skill set and level of experience, and the hours each person expended were necessary and non-duplicative. The hourly rates charged for each member of ADW's legal team are similarly reasonable and reflect each person's level of experience. In my opinion, all of the hours spent by myself, Mr. Herring, Mr. Campbell, and Mr. Robin on the Motion to Compel, responding to Motions for Protective Order, and addressing numerous other related, dilatory filings were reasonable and necessary. In my opinion, the rates charged by the attorneys in this matter constitute normal, customary, and reasonable charges for the services rendered.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 24, 2016.

[signature]

Danielle A. Matthews

# **EXHIBIT 1H**

## **Declaration of Mr. Matthew R. Scott**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TRICIA ANN RATRA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **3:12-CV-1854** |
| **DEAN FOODS COMPANY D/B/A MORNINGSTAR FOODS, INC., AND SAPUTO, INC. f/k/a and d/b/a MORNINGSTAR FOODS, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

**<u>DECLARATION OF MATTHEW R. SCOTT</u>**

1. My name is Matthew R. Scott.

2. I am of legal age and of sound mind and have personal knowledge of the facts set forth in this declaration.

3. I am authorized to make this declaration and am competent to testify to the matters contained in this declaration.

4. I swear that every statement made in this declaration is made on my personal knowledge and is true and correct.

5. I am co-counsel for Plaintiff Tricia Ratra in this action.

6. Exhibit 1 to this declaration is a true and correct copy of my resume.

7. I graduated from the University of Iowa in 1990.

8. I graduated from Drake University Law School in 1995.

9. I am licensed to practice law in the State of Texas and have been so licensed since 1995.

10. I started practicing law with Cooper & Aldous PC in 1996 as an associate.

11. I joined the law firm of Bell Nunnally & Martin LLP in June 1999 as an associate.

12. In December 2002, I became Board Certified in Labor and Employment Law by the Texas Board of Legal Specialization, and have remained so certified since then.

13. In January 2003, I was promoted to partner at Bell Nunnally & Martin LLP.

14. In January 2009, I joined the law firm of Ford & Harrison LLP (F&H) in their Dallas office.

15. F&H is a national labor and employment law boutique, which at the time had nearly 200 attorneys in approximately 20 offices nationwide.

16. In or around 2010, I was promoted to be the Administrative (Managing) Partner of F&H's Dallas Office, and remained in that position until I resigned effective May 31, 2012.

17. On June 1, 2012, I joined the Kendall Law Group LLP (KLG) as a partner, and opened the Employment Law Section.

18. I am currently head of the Employment Law Section at KLG.

19. I have eighteen years' experience handling employment lawsuits.

20. In 2006, I was named one of the Top Lawyers in Dallas Under 40 by D-Magazine.

21. In 2004, 2005, and 2006, I was named a Rising Star by Texas Monthly Magazine.

22. In 2010, 2011, 2012, and 2013, I was named a Texas Superlawyer by Texas Monthly Magazine

23. In early 2012, my standard hourly billing rate at F&H was $450.00 per hour.

24. Had I remained at F&H, my standard hourly billing rate today would be around $500.00.

25. My standard hourly billing rate today at KLG $650.00, and there are several reasons for the increase of $150.00 per billable hour.

26. First, there are many charges that KLG incurs but does not bill clients for, such as postage, long distance telephone, copies, electronic legal research, etc.; all these things are calculated into and absorbed within each attorney's hourly rate.

27. Second, when my practice focused solely on defense work, my hourly billing rate was naturally suppressed by (1) a discount for volume, and (2) the sheer number of defense lawyers seeking the limited number of employers for whom they can perform legal services.

28. As to (1), because defense lawyers seek a volume of work, defense lawyers will discount their rates in exchange for more legal work.

29. This does not apply to attorneys whose practices are devoted solely to representing employees in employment litigation on a contingent fee basis.

30. As KLG only represents employees on a contingent fee basis, there is no discount for repeat or volume work.

31. As to (2), I reviewed the Texas Board of Legal Specialization's website and determined there are 175 board certified labor and employment lawyers in Dallas county, but less than 10% of them represent employees solely on a contingent fee basis, and I do not believe any of them have my 17 years of defense-side experience.

32. I believe the results in this case, and in other cases I have handled, reflect the increased value of that defense-side experience and knowledge.

33. In my opinion, those two factors more than account for the $150.00 an hour increase in my hourly billing rate.

34. I am familiar with the type of litigation involved in this matter, legal services ordinarily and necessarily performed by attorneys handling such a matter, and the reasonable, usual, and customary attorney's fees normally charged for handling such matters in counties throughout the State of Texas.

35. In light of the factors set forth above, it is my opinion that my hourly rate ($650.00), as well as the hourly rate for my co-counsel Phillip Doepfner ($400.00), is reasonable and customary for persons performing the type of work conducted in this matter given their respective knowledge, skill, and experience.

36. It is my opinion that the amount of time I spent on the tasks for which an attorney's fee is requested in this case is reasonable, and the services I performed in this case were reasonable and necessary and of the type ordinarily performed by attorneys handling this type of matter.

37. It is my opinion that the amount of time Mr. Doepfner spent on the tasks for which an attorney's fee is requested in this case is reasonable, and the services he performed in this case were reasonable and necessary and of the type ordinarily performed by attorneys handling this type of matter.

38. Giving consideration to the factors set forth in Texas Disciplinary Rule 1.04, it is my opinion that the sum of at least $130,130.00 is a reasonable and customary fee for the legal services I rendered in performing tasks for Plaintiff in this case.

39. Giving consideration to the factors set forth in Texas Disciplinary Rule 1.04, it is my opinion that the sum of at least $170,593.75 is a reasonable and customary fee for the legal services Mr. Doepfner and Walker & Doepfner, PC rendered in performing tasks for Plaintiff in this case.

40. Both Mr. Doepfner and I accepted this case on a contingency fee basis for Plaintiff because she would be unable to afford to pay legal fees at the reasonable and customary rates for Mr. Doepfner me to pursue this matter.

41. Having handled this case on a contingent fee basis, all the time and costs incurred in this case would have been born solely by Mr. Doepfner and my firm had the jury not found for Plaintiff.

42. In this case, Plaintiff asserted claims of pregnancy discrimination, FMLA discrimination/retaliation, and FMLA interference, success on any of which allows for Plaintiff to recover reasonable attorney's fees and costs, including reasonable expert fees.

43. The time and effort required to fully litigate Plaintiff's claims against Defendant necessarily precluded me from undertaking other opportunities for employment.

44. As someone known for my skill in the area of labor and employment law, I receive many referrals on a regular basis.

45. Because of my commitment to Plaintiff's case, I was unable to commit the time to interview prospective clients, accept those cases, and pursue those legal claims.

46. Plaintiff has no relationship with me or any other attorney who has participated in this case that would act to reduce compensation for legal services.

47. Exhibit 2 to this declaration is an accurate, contemporaneous listing of legal services I rendered in this matter as well as the receipts for taxable court costs my firm incurred in this case.

48. I reduced the hours included in Exhibit 2 in all instances where I felt such hours were excessive in light of the work performed.

49. I also did not record time incurred in this case for a variety of smaller matters, such as conferences with co-counsel, conferences and emails exchanged with opposing counsel, and conferences and emails exchanged with the Court's staff, etc.

50. Furthermore, in all instances, I eliminated billing for work that was done by others in my office.

51. The lodestar amount for my work (200.2 hours) through the date of preparation of this declaration totals $130,130.00.

52. The work I performed was reasonable and necessary, both in terms of the work done and the hours expended.

53. In evaluating the value of the professional services rendered in this case, I have taken into consideration the twelve factors set out in *Johnson v. George Highway Express, Inc.*, referenced in Plaintiff's Motion for Attorney's Fees and Costs.

54. In my opinion, based upon my experience in this area, geographically and the area of employment law, the result obtained and the degree of success obtained for Plaintiff in this case is exceptional.

55. The result obtained is particularly exceptional when measured against Defendant's posture throughout this litigation—Defendant never made any monetary settlement offer to Plaintiff at all, even after the Court denied Defendant's Motion for Summary Judgment.

56. Exhibit 3 to my declaration is a true and correct copy of a July 27, 2010, decision from the Honorable Jane Boyle in the case of *Nassar v. Univ. Tex. SW Med. Ctr.*

57. Exhibit 4 to my declaration is a true and correct copy of a declaration from Brian Lauten in support of the plaintiff's application for attorney's fees in the *Nassar* case.

58. Exhibit 5 to my declaration is a true and correct copy of a declaration from Brent Walker in support of the plaintiff's application for attorney's fees in the *Nassar* case.

59. Exhibits 3 through 5 demonstrate that Judge Boyle approved rates for Dallas attorneys in an employment matter where the plaintiff obtained an excellent result as follows:

| **Attorney** | **Year of Admission** | **Hourly Rate** |
|---|---|---|
| Charla Aldous | 1982 | $750.00 |
| Brian Lauten | 2001 | $500.00 |
| Brent Walker | 2004 | $400.00 |

60. These exhibits show that the billable hourly rates for Mr. Doepfner and me are reasonable and well within the ranges awarded by other courts in similar cases.

61. Exhibit 6 to my declaration is a true and correct copy of a jury verdict recently obtained in state district court in Dallas County, Texas, in another case I tried just two weeks before this case was tried.

62. Exhibit 7 to my declaration is a true and correct copy of a jury verdict obtained in federal district court in Sherman, Texas, in another case I tried in September 2013.

63. If Defendant appeals the judgment in this case, I will be primarily responsible for handling that appeal.

64. I have handled multiple appeals to the Fifth Circuit Court of Appeals before, and I have handled multiple appeals in state appellate court in Texas before as well, and am familiar with the time incurred on appeals.

65. Between reviewing the record on appeal, researching the issues raised on appeal, drafting the brief, which includes citation to the record evidence, I anticipate spending two weeks on these activities, at forty hours per week. At my rate of $650.00, I anticipate Plaintiff will incur an additional $52,500.00 in attorney's fees on appellate briefing to the Fifth Circuit Court of Appeals.

66. If Defendant seeks and the court of appeals grants oral argument in the case, I anticipate spending another week (of forty hours) preparing for and attending oral argument. At my rate of $650.00 per hour, I anticipate Plaintiff will incur an additional $26,000.00 in attorney's fees on oral argument.

67. If Defendant files a motion for rehearing on banc that is granted, I anticipate spending another week (of forty hours) preparing for an attending that oral argument. At my rate of $650.00 per hour, I anticipate Plaintiff will incur an additional $26,000.00 in attorney's fees on en banc oral argument.

68. If Defendant files a petition for a writ of certiorari to the United States Supreme Court I will handle that appeal.

69. I have handled one appeal to the United States Supreme Court, and am familiar with the time incurred on such activity.

70. I anticipate I would spend one week (of forty hours) to prepare briefing in response to a petition for a writ of certiorari. At my rate of $650.00 per hour, I anticipate Plaintiff will incur an additional $26,000.00 in attorney's fees on briefing in response to a petition for a writ of certiorari to the United States Supreme Court.

71. If the United States Supreme Court were to grant the petition for a writ of certiorari and request merit briefing and oral argument, I would handle those activities. I anticipate spending another two weeks (at forty hours per week) on a merits brief, and another week (of forty hours) of preparation for and participation in oral argument. At my rate of $650.00 per hour, I anticipate Plaintiff will incur an additional $78,000.00 in attorney's fees on merits briefing and oral argument before the United States Supreme Court.

72. These amounts are reasonable estimates of the time and attorney's fees Plaintiff will incur in the event any of these activities are pursued, unsuccessfully, by Defendant. I make these estimates based on my experience in handling other appeals to both the Fifth Circuit Court of Appeals as well as to the United States Supreme Court.

I swear and declare under penalty of perjury that the above and foregoing are true and correct and based on my own personal knowledge.

MATTHEW R. SCOTT

**EXHIBIT 2**

**Declaration of Plaintiff Juan Soto**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN SOTO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:23-cv-1335-X |
| | § | |
| RK CONSTRUCTION, LLC, | § | |
| | § | |
| Defendant. | § | |

**DECLARATION OF JUAN SOTO**

"My name is Juan Soto. I am over the age of 18 and the statements in this declaration are true and correct of my own personal knowledge. I am competent to testify concerning the statements in this declaration. I hereby declare as follows:

1. I am the Plaintiff in the above-captioned lawsuit. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

2. I was employed by RK Construction LLC ("Defendant") from approximately November 19, 2022 to approximately May 12, 2023.

3. Defendant provides excavation and underground utility services.

4. I was an hourly paid construction foreman during my employment with Defendant. My hourly rate of pay was $20.00 per hour.

5. My final seven-day workweek with Defendant began on May 7, 2023 ("the Final Workweek"). My last day worked for Defendant during the Final Workweek was May 12, 2023.

6. Relative to my Final Workweek, I worked 56 hours for Defendant. I reported those hours worked to Defendant as was the practice during my employment with Defendant. Defendant issued an earnings statement to me relative to my work in the Final Workweek. A true and correct

copy of that earnings statement is attached as Exhibit A to this document. As shown in that earnings statement, Defendant paid me for only 40 hours of work at $20 per hour which totaled gross wages of $800.00 relative to work performed by me during the Final Workweek. That pay was direct deposited to my bank account on or about May 26, 2023. Defendant did not pay me any wages for the additional 16 hours I worked for Defendant during my Final Workweek. Those 16 hours were hours over 40 (overtime hours) worked by me during my Final Workweek. The wages Defendant should have paid me for those hours, including overtime premium pay, is $480.00 (($20 * 1.5) * 16 hours = $480.00). As of the date of this declaration, Defendant has not paid me any wages for those 16 overtime hours worked during my Final Workweek.

7. On approximately May 25, 2023, I learned that Defendant intended to pay me for only 40 hours instead of the 56 hours I worked during the Final Workweek. On May 25, 2023, I sent a text message to Mr. Brian Reed Kainer asking why I was only be paid for 40 hours when I worked 56 hours. A true and correct copy of that text message is attached to this document as Exhibit B. Mr. Kainer is the owner of Defendant. Mr. Kainer did not respond to my question about being paid for all hours worked.

I declare, under penalty of perjury, under the laws of the United States that the foregoing is true and correct. Executed on 8/2/2023 in Dallas, Texas."

DocuSigned by:

D8F42C51D98B46F...

JUAN SOTO

DocuSign Envelope ID: 2A59183D-2930-47F8-989E-B8424D66982E


**EXHIBIT A** to Declaration of Juan Soto

05/26/2023

Juan C. Soto

0.00
***NON-NEGOTIABLE***

****This is not a check. *****Advice of deposit only****

Juan C. Soto
1200 Vincent Ave
Dallas TX 75211

**EMPLOYER**
RK Construction, LLC
228 E Bethel Road
Coppell TX 75019

**PAY PERIOD**

| | |
|---|---|
| Period Beginning | 05/07/2023 |
| Period Ending: | 05/20/2023 |
| Pay Date: | 05/26/2023 |
| Total Hours: | 40.00 |

**EMPLOYEE**
Juan C. Soto
1200 Vincent Ave
Dallas TX 75211

| **NET PAY:** | **$738.80** |
|---|---|
| Acct#....2713: | $738.80 |

**MEMO:**

| PAY | Hours | Rate | Current | YTD |
|---|---|---|---|---|
| Regular Pay | 40.00 | 20.00 | 800.00 | 14,594.00 |
| Overtime Pay | - | 30.00 | 0.00 | 5,064.00 |
| Reimbursement | - | - | 0.00 | 250.00 |

| DEDUCTIONS | Current | YTD |
|---|---|---|

| TAXES | Current | YTD |
|---|---|---|
| Federal Income Tax | 0.00 | 1,168.94 |
| Social Security | 49.60 | 1,218.80 |
| Medicare | 11.60 | 285.04 |

| SUMMARY | Current | YTD |
|---|---|---|
| Total Pay | $800.00 | $19,908.00 |
| Taxes | $61.20 | $2,672.78 |
| Deductions | $0.00 | $0.00 |

**Net Pay** **$738.80**

**EXHIBIT B** to Declaration of Juan Soto

5G+ 81%

**Reed Rk BOSS**

10:50 AM

Let me check for you — 10:52 AM

No we don't here — 10:54 AM

Check by where the trash pile was. — 11:10 AM

Will do — 11:11 AM

We only have 4" schedule 40 — 11:15 AM

Thursday, April 6

Hey Reed do happen to know ow what am I supposed to do in Dallas today ? Called Josh but no answer — 9:18 AM

Thursday, May 25

Sorry to bother you but I worked 56 hours my last week my check says only 40 hours — 5:33 PM