UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN SOTO, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | Civil Action No. 3:23-CV-01335-X |
| § | | |
| RK CONSTRUCTION LLC, § | | |
| *Defendant*. § | | |
| § | | |

## MEMORANDUM OPINION AND ORDER AND FINAL JUDGMENT

Plaintiff Juan Soto sued Defendant RK Construction LLC ("RK") for allegedly violating the Fair Labor Standards Act ("the Act"). Having already obtained the clerk's default on liability, Soto now seeks a default judgment against RK that includes a damages award (Doc. 14). For the reasons below, the Court **GRANTS** the motion for default judgment and enters judgment in favor of Soto.

### I. Background

RK employed Soto as an hourly paid construction foreman in 2022 and 2023. Soto claims that in his final week with RK, he worked 56 hours but was not paid at all (much less the time-and-a-half overtime legally required) for the 16 hours he worked beyond a 40-hour work week. Soto sued RK for violating the Act. When RK failed to timely answer, Soto asked for and obtained a clerk's default.

### II. Legal Standards

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

A default requires a court to accept as true a plaintiff's well-pled allegations in a complaint.[1]

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, courts examine whether a default judgment is appropriate under the circumstances.[2] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[3] Second, the Court assesses the merits

---

[1] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well-pled when "all elements of [a] cause of action are present by implication"); *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[2] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[3] *Id.*

of the plaintiff's claims and whether there is a sufficient basis in the pleadings.[4]

### III. Application

The Court deems the facts on liability to be admitted and finds RK not to be incompetent or a minor. And the declaration from Soto's counsel indicates RK's sole member is not on active-duty status with the Uniformed Services of the United States of America. And while Rule 55 allows for hearings, it does not command them. Soto's motion is supported by a declaration on damages. As a result, a ruling without a hearing is proper.

#### A. Procedural Appropriateness of Default Judgment

The Court now turns to the six *Lindsey* factors. First, there are no material facts in dispute because RK has not filed any responsive pleading. Second, regarding substantial prejudice, RK's failure to respond could bring adversarial proceedings to a halt and substantially prejudice Soto, but not itself. Third, RK's continual failure to respond or participate in this ligation clearly establishes grounds for the default. Fourth, regarding mistake or neglect, there is no reason to believe RK is acting under a good faith mistake or excusable neglect. Fifth, regarding the harshness of a default judgment, the Court is only awarding the damages the Act contemplates.

The sixth issue is whether the Court would grant a motion to set aside the default. The pleadings, the lack of response, and, consequentially, the failure to plead a meritorious defense indicate a lack of good cause for the Court to set aside the default judgment.

---

[4] *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Thus, the Court concludes a default judgment is appropriate under these circumstances.

### B. Sufficiency of Soto's Complaint

Next, the Court must assess the merits of Soto's claim considering its complaint. Although RK, by virtue of its default, is deemed to have admitted Soto's well-pled allegations, the Court must nonetheless review the complaint to determine whether it established a viable claim for relief.[5] A plaintiff in a Fair Labor Standards Act action must establish a prima facie case by proving four elements: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the Act; (3) that the employer violated the Act's overtime wage requirements; and (4) the amount of overtime compensation due.[6]

Here, Soto alleges he worked for $20 an hour for RK, with his final week ending on or around May 12, 2023. He claims he worked 56 hours for RK in his final week and was paid $20 per hour for those 40 hours but not paid overtime. He further alleges the Act covers RK and himself.

Accordingly, Soto has pled his Fair Labor Standards Act claim well.

### C. Damages

Soto's default judgment motion specifies that he seeks: (1) $480 in unpaid overtime ($20/hour x 16 hours x 1.5 for overtime = $480); (2) $480 in liquidated

---

[5] *Nishimatsu*, 515 F.2d at 1206.

[6] *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

damages under 29 U.S.C. § 216(b); (3) $7,880 in attorney's fees; (4) $402 in costs; and (5) post-judgment interest.  Regarding costs, the Court orders Soto to fill a bill of costs within 14 days of this final judgment, which are taxed by the clerk.[7]

The Court awards the remaining relief Soto requests.  As to unpaid overtime, the evidence shows he was not paid for the 16 hours of overtime work in his final workweek.  Those 16 hours, paid at $30/hour ($20/hour base pay x 1.5) is $480.  Liquidated damages amount to an additional $480.

As to fees, Soto's fee request of $7,880 are in good order.  The declaration establishes counsel's $500/hour rate, and that it is customary for a labor lawyer with his experience.[8]  And the declaration evinces counsel worked 19.7 hours on the lawsuit with an itemized breakdown of time per task (rather than block billing).  Counsel also exercised billing judgment by reducing that time by 20%.  Counsel arrived at a fee request of $7,880 ($500/hour x 15.8 hours).  This request is a perfect request under the lodestar method, in an era where attorneys routinely phone in their fee requests.  The Court appreciates counsel's thorough work in justifying the request and awards counsel the requested $7,880 fee.

Finally, Soto is entitled to post-judgment interest.  "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of

---

[7] *See* FED. R. CIV. P. 54(d)(1).

[8] *See McIntyre v. Collin Bryan Constr. LLC*, 3:22-CV-1267-K, 2023 WL 3259754, at *9 (N.D. Tex. Apr. 19, 2023) (Horan, M.J.) (finding $500/hour rate to be reasonable for labor dispute), *report and recommendation adopted*, 3:22-CV-1267-K, 2023 WL 3259493 (N.D. Tex. May 4, 2023) (Kinkeade, J.); *Areizaga v. ADW Corp.*, 3:14-CV-2899-B, 2016 WL 3406071, at *4 (N.D. Tex. June 21, 2016) (Boyle, J.) (finding $650/hour to be reasonable for labor dispute).

Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."[9]  The weekly average 1-year constant maturity Treasury yield as of the date of this judgment is 5.34%.[10]

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Soto's motion for default judgment against RK.  The Court awards Soto unpaid overtime of $480, liquidated damages of $480, attorney's fees of $7,880, and post-judgment interest at 5.34%.  This is a final judgment.  The Court further **ORDERS** Soto to file a bill of costs within 14 days.  All other relief not expressly granted is denied.

**IT IS SO ORDERED** this 16th day of November 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[9] 28 U.S.C. § 1961(a).

[10] Board of Governors of the Federal Reserve System, Selected Interest Rates (Daily) – H.15, *at* https://www.federalreserve.gov/releases/h15/ (last visited Nov. 16, 2023).